**Maria Johanna HUTCHERSON,
Petitioner-Appellant,**

v.

**Harry Lee HUTCHERSON, Respondent.**

**No. 38057.**

Missouri Court of Appeals,
St. Louis District.

June 14, 1977.

Richard B. Dempsey, St. Louis, for petitioner-appellant.

Stephen D. Smith, St. Louis, for respondent.

DOWD, Judge.

Appellant, Maria Hutcherson, appeals from the modification of a 1972 divorce decree. The modification reduced Harry Hutcherson's spousal support obligation from $150.00 per month to zero and reduced respondent's child support obligation from $175.00 per month for each of the parties' two children to $15.00 per week per child.

At the time the divorce decree was entered, appellant was not employed, and respondent was earning $20,000.00 per year as an "advertising and P.R. man" at C. V. Mosby Company. Following the divorce, appellant obtained employment; and, at the time of the hearing on the motion to modify, she was planning to start a new job on April 1, 1976 learning bookkeeping at a salary of $700.00 per month.

Respondent, on the other hand, had not been employed for over one and one half years at the time the motion for modification was heard. He testified he had attempted to find employment and was listed at two employment agencies. He had done some free lance writing, photography, printing, and public relations work while he searched for a job but found that his expenses were greater than his gross income from such work. In order to meet his living expenses of $200 to $300 per month, respondent was consuming his savings. He had approximately $2800.00 left in his savings account at the time of the hearing.

On appeal, appellant contends the trial court erred in reducing respondent's spousal and child support obligations because the evidence showed respondent was not using his best efforts to gain employment and squandered what funds he had on his own luxuries rather than paying support, because the amount of reduction was excessive, and because there were no findings or evidence of a substantial and continuing change of circumstances.

We have examined the transcript, briefs, and authorities cited and affirm the judgment of the trial court. The trial court's order modifying the respondent's spousal and child support obligations is supported by substantial evidence and is not against the weight of the evidence. The trial court's order neither erroneously declares nor applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

Giving deference to the trial court's ability to judge the credibility of the witnesses, substantial evidence before the trial court showed a "substantial and continuing" change of circumstances such as to make the terms of the original decree unreasonable. § 452.370 RSMo 1973. Reduction of support awards is justified if the party owing support can show involuntary financial reverses or unemployment causing severe financial difficulty. *Brown v. Brown*, 537 S.W.2d 434, 436–37 (Mo.App.1976); *Foster v. Foster*, 537 S.W.2d 833, 836[4] (Mo.App. 1976).

The judgment is affirmed.

CLEMENS, P. J., and SMITH, J., concur.