Eugene BELLAMY, Respondent,

v.

Evelyn BELLAMY, Appellant.

No. KCD 29449.

Missouri Court of Appeals,
Kansas City District.

Oct. 2, 1978.

Kenneth H. Taylor, Independence, for appellant.

Charles W. Nichols, Kansas City, for respondent.

Before SHANGLER, P. J., SWOFFORD, C. J., and WASSERSTROM, J.

SWOFFORD, Chief Judge.

This is an appeal from an order and judgment of the court below modifying, upon motion and hearing, a decree of dissolution of marriage by eliminating therefrom the

prior decree of maintenance for $20.00 per week to the wife and reducing the former provisions for the support of a child of the marriage from $60.00 to $40.00 per week.

The appellant (wife) here urges that this judgment was erroneous because it was, not supported by substantial evidence and, further erroneous, because it fails to protect her right to future modification of the maintenance provision of the original decree.

The marriage of the parties was dissolved September 4, 1975. Custody of the parties' only child, Melody, 19 years of age and a senior in high school at the time of the modification hearing, March 14, 1977, was awarded to the appellant. The respondent (husband) was ordered to pay $60.00 per week for the support of Melody and $20.00 per week for maintenance of the appellant in the original decree of dissolution. At the time of the dissolution and continuously to the hearing on the motion to modify, the appellant has been gainfully employed with earnings of $100.00 per week.

In 1972, the respondent for reasons of health and upon the advice of his doctor, quit his job of 24 years as an automobile assembler and opened up his own automobile repair shop. At the time of the dissolution hearing his gross income from this operation was $1,000.00 per month, according to his testimony. At the modification hearing his income tax returns for 1975 showed a net taxable income (after depreciation of equipment, etc.) of $2,309.00, and for 1976 of $960.00. He testified that his gross income to date in 1977 was down.

He denied any additional source of income and placed a value on the shop and equipment of $5,000.00. He explained that the difference between his income and his support and maintenance obligations had been satisfied by help from his parents, assistance that was no longer available. He further stated that his daughter Melody was engaged to be married upon her graduation from high school in the spring of 1977.

Respondent's testimony was all the evidence presented to the court. The decree of modification eliminated any payment of maintenance to the appellant and reduced the award for child support from $60.00 to $40.00 per week, as above noted.

■■■ The judgment of the court below will be affirmed unless there is no substantial evidence to support it, giving due regard to that court's ability to judge the credibility of the respondent's undisputed testimony. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976); Rule 73.01. The statutory standard for such a modification decree is "a showing of changed circumstances so substantial and continuing as to make the terms unreasonable". Section 452.370 RSMo Supp.1973. The only evidence proffered in the modification hearing, that of the respondent, showed that his income had declined in such a marked and continuous degree over the period of 1975, 1976 and the early months of 1977 as to place him in the position of being unable, through no fault or design of his own, to pay the original judgment of $4,160.00 per year. Such burden will not be continued under such circumstances. *Hutcherson v. Hutcherson*, 553 S.W.2d 487 (Mo.App.1977).

These statutory and decisional standards were certainly satisfied in this case, the respondent met his burden of proof, and the court's modification decree was based upon substantial evidence.

■ The appellant's second (and final) point relied upon is that by eliminating all maintenance and failing to retain jurisdiction over that subject foreclosed her right to ask for future modification of maintenance if circumstances then existing created a different and favorable climate for such request. This point has merit. *Carrell v. Carrell*, 503 S.W.2d 48, 51–52[7, 8] (Mo. App.1973).

Under the authority of Rule 84.14 and *Carrell v. Carrell*, supra, and to avoid any doubt as to the effect of the modification decree, such decree will be modified by adding as a last paragraph, as follows:

"The court reserves jurisdiction to reinstate or otherwise modify the provision for maintenance at such future time or times as circumstances may require."

The judgment, as so modified, is affirmed.

All concur.