Catherine M. KIRK, Appellant,

v.

Lloyd C. KIRK, Respondent.

No. 40274.

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 26, 1980.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 18, 1980.

Donald S. Hilleary, Susan B. Blaney, Clayton, for appellant.

John T. Sluggett, Clayton, for respondent.

PER CURIAM.

The appellant, Catherine M. Kirk, appeals from an order and judgment of the circuit court of St. Louis modifying a divorce decree by reducing the respondent's, Lloyd Kirk, obligation to pay money to Catherine Kirk from $675. to $275. per month.

The parties were divorced in December of 1971. Prior to the divorce decree, the parties entered into and stipulated a property settlement between themselves subject to the approval of the court. Paragraph (1)(a) of this agreement provides periodic "alimony" in the sum of $500. per month to be paid by Lloyd Kirk to Catherine Kirk and said "alimony" was to continue until her death or remarriage. This paragraph also indicated that income in an amount less than $4,000. per year received by Mrs. Kirk through employment shall not constitute a basis for modification. Paragraph (b), (c),

(d), (e), (g) and (h) concerned custody rights, support payments and educational cost of their minor children; and provides for the payment of attorney fees. Paragraph 2(a), (b), (c) and (d) contained the property settlement between the Kirks, it disposed of the house, automobile and promised to maintain Mrs. Kirk as the beneficiary of Mr. Kirk's insurance until her death or remarriage and thereafter to their five children. Paragraph 3 clarified the parties joint tax liability. Paragraph 4 permits attorney's fees to be charged if either of the parties fail to perform the provisions of the agreement. Paragraph 5 concludes that the agreement is not a contract for divorce but merely an agreement settling their property rights in the event that the circuit court grants a divorce. The stipulations were incorporated into the divorce decree.

Subsequent to the final decree, Mrs. Kirk filed two motions to increase maintenance payments. In April, 1973, the circuit court of the County of St. Louis sustained a motion by Mrs. Kirk to increase support payments from $500. to $675. and agreed to allow Mr. Kirk to gain custody of one of the children. In December, 1975, a second motion for increase in maintenance was overruled. The record does not provide any explanation of that action.

In February, 1977, the present action was filed by Mr. Kirk to decrease maintenance payments. The appellant, Mrs. Kirk, filed a motion to dismiss the action for lack of jurisdiction on the grounds that the stipulation and property settlement was contractual in nature and the court lacked jurisdiction to modify. The trial court held as a matter of law that Mrs. Kirk was bound by her previous motions to modify which indicated that the agreement was not contractual and thus the circuit court had jurisdiction to modify the maintenance payments. The circuit court concluded the deterioration of Mr. Kirk's financial circumstances, in the amount of $50,000. per year, and business operation was a substantial and continuing change and ordered a reduction in the amount of maintenance to the sum of $275. per month.

The appellant's first point is that the trial court erred in its characterization of the maintenance payments as statutory (decretal) because the original agreement was contractual in nature and therefore beyond the jurisdiction of the circuit to modify. The issue is, therefore, whether a property agreement which disposes of all a husband and wife's property and provides payments to the wife until she remarries or dies is statutory or contractual in light of the previous motions by wife to increase maintenance payments subsequent to the original decree.

Whether an agreement concerning the future support and maintenance of a spouse is statutory or contractual depends fundamentally on the intentions of the parties. *Kerby v. Kerby*, 544 S.W.2d 292 at 294 (Mo.App.1976); *LaFountain v. LaFountain*, 523 S.W.2d 847, 868 (Mo.App.1976); *Goulding v. Goulding*, 497 S.W.2d 842, 845 (Mo. App.1973). If a settlement agreement as incorporated in the court's decree is characterized as contractual, the court has no power to modify the agreement. However, if the parties intended the agreement to be merely advisory to the court the settlement agreement is statutory in nature and may be modified by subsequent court action. *Nelson v. Nelson*, 516 S.W.2d 574, 577 (Mo. App.1974). A decree may be contractual in obligation regarding some of its provisions and statutory as to support and maintenance provisions. Furthermore, a comprehensive settlement agreement, as presented in this case, does not force the conclusion that the allowance was contractual, *Keltner v. Keltner*, 589 S.W.2d 235, 238 (Mo.1979).

A distinguished line of decisions have held that stipulations providing for support and maintenance payments lasting until the wife's death or remarriage are contractual, "The provision . . . justifies the conclusion that the decree was an approval of the contract, and not an award of alimony, because the court had no authority to make an award to continue so long as the wife remained single and unmarried . . . ." *North v. North*, 339 Mo. 1226, 100 S.W.2d 582, 586 (1936); *Whitworth v. Whitworth*, 559 S.W.2d 292, 294 (Mo.App.1977); *Gunnerson v. Gunnerson*, 379 S.W.2d 861, 865 (Mo.App.1964); *Jenkins v. Jenkins*, 257 S.W.2d 250, 253 (Mo.App.1953). However, in not one of these cases is there any indication that the party claiming a contractual maintenance agreement had ever sought a statutory modification of the maintenance payments.

It is common sense in law, as in business, to propose if parties intend to be bound by a contract, they should so state or, at least, conduct themselves in such a way as to clearly indicate they intend no one to interfere with their settled contractual relationship. The intention of the parties must be discovered by an examination of the terms of the agreement and the conduct of the parties. *Keltner v. Keltner*, supra at 238, citing from *Nelson v. Nelson*, supra p. 577; accord, *Gunnerson v. Gunnerson*, supra at 866; *Wesson v. Wesson*, 271 S.W.2d 214, 216–17 (Mo.App.). The appellant argues if the support and maintenance provisions exceed the life time of the husband the court is without the power to modify the judgment. That is correct, if the parties intended the "alimony," to be a contractual obligation subject to remedies in contract rather then periodic modification by a court. However, the appellant, on two separate occasions, has petitioned the court to increase her maintenance payment. Her husband, on those occasions, did not object that the agreement for "alimony" was contractual and the petitioner received $175. increase for her support. "[I]t [has] been considered significant by the deciding court that the party raising the defense of contract had in a previous court proceeding successfully sought enforcement of the "alimony" award as a judgment of the court. Thus, these parties were estopped to assert contract in later [decision]." *Nelson v. Nelson, supra*, at 580; citing from *Wesson v. Wesson*, supra and *Gunnerson v. Gunnerson*, supra. This is meaningful in the present case because the appellant was represented by competent counsel throughout the dissolution and motions to modify, counsel very familiar with settlement agree-

ments and domestic relations law, and yet appellant persisted in using court enforcement methods for statutory alimony rather then the appropriate contract remedies. *Keltner v. Keltner*, supra at 239. After a review of the circumstances of the present case it is apparent that it was not the intention of the parties to be bound by an enforceable contractual obligation concerning support and maintenance payments.

The law in Missouri permits any decree respecting maintenance and support of a spouse to be modified prospectively, upon the proper showing of a substantial and continuing changed circumstances, unless the agreement and the decree expressly limit the court's modifications.[1] Neither the decree nor the settlement agreement evidence language precluding the court's modification. In light of the conduct of the parties, the absence of such a provision is considered significant.

The settlement agreement is comprehensive and complete. It may be that other provisions of the agreement are contractual in nature, however, they are not at issue. The provision for maintenance payments is statutory and is subject to modification. The appellant's argument cannot cloud her previous manifestations of clear intention.

The appellant's final point is that the trial court erred in sustaining respondent's motion to modify because the respondent failed to sustain his burden on the motion to show appellant's reduction in need as would warrant a reduction in support and maintenance payment.

Appellant argues that "neither [an] increase nor a decrease in wealth or earning capacity of the spouse obligated for payments is a sufficient factor, standing alone,

which will justify or require a modification." *Van Luvan v. Van Luvan*, 577 S.W.2d 156 at 157 (Mo.App.1979). There is no indication from the transcript that the drastic reduction of income of the respondent "stands alone" in the trial courts consideration. A review of the cases indicate that the relative importance of a reduction in a spouse's income on the issue of maintenance has varied according to the circumstances of each case. *Bellamy v. Bellamy*, 572 S.W.2d 220, 221 (Mo.App.1978); *Hutcherson v. Hutcherson*, 553 S.W.2d 487, 488 (Mo.App.1977); *Brown v. Brown*, 537 S.W.2d 434, 436–47; *Markham v. Markham*, 506 S.W.2d 84, 86 (Mo.App.1974). In the *Bellamy* case, the court found the circumstances similar to the present case and stated: "When the evidence demonstrates a continuous and marked decline of income over a period of years, through no fault or design of his own, a spouse shall not be required to continue burdensome maintenance payments." *Bellamy v. Bellamy*, supra at 221.

We note primarily that our review of the trial court's action is controlled by Rule 73.01. A decree or judgment of the trial court will be sustained on appeal "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron*, 536 S.W.2d 30, 32[1–3] (Mo. banc 1976). Having examined the evidence, the trial transcript, the briefs and the applicable law, we hold that the decision of the trial court is supported by substantial evidence and is not against the weight of the evidence, and that the trial court did not erroneously declare or apply the law. Appellant's final point fails.

Judgment is affirmed.

---

1. A) 452.370 RSMo 1975 Modification of decree as to *maintenance or support, when* (1) Except as otherwise provided in subsection 6 of § 452.325, the provisions of *any decree* respecting maintenance or support may be modified only as to installment occurring subsequent to the motion for modification and only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable. (2) Unless otherwise agreed *in writing or expressly pro-*

vided in the decree, the obligation to pay future maintenance is terminated upon the death of either party or the remarriage of the party receiving maintenance . . . (emphasis added).
   B) 452.325 (6) RSMo 1975 Except for terms concerning the support, custody or visitation of the children, the decree may *expressly preclude or limit modification of terms set* forth in the decree if the separation agreement *so provides.*