### In re the Marriage of Carol Bick HAGNAUER, Appellant,

### Robert Nelson Hagnauer, Respondent.

### No. 42461.

Missouri Court of Appeals, Eastern District, Division Three.

Dec. 9, 1980.

Chester A. Love, Daniel P. Card, Clayton, for appellant.

Stephen H. Ringkamp, St. Louis, for respondent.

CRIST, Presiding Judge.

Motion by respondent (hereinafter "father") to modify a maintenance award to appellant (hereinafter "mother") by reason of changed circumstances. On December 6, 1979, the trial court reduced the maintenance award of $1,500.00 per month to $1,050.00 per month. We affirm.

■ Appellate review in this case is limited by the standard set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976); *Kirk v. Kirk*, 598 S.W.2d 153, 156 (Mo.App. 1980). We must sustain the decree or judgment of the trial court "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law or unless it

erroneously applies the law." *Murphy v. Carron, supra* at 32. Modification of a decree of dissolution will be ordered only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable. Section 452.370, RSMo. 1975 Supp.; *Van Luvan v. Van Luvan,* 577 S.W.2d 156 (Mo.App.1979).

The only issue on appeal is whether or not there has been a change in circumstances so substantial and continuing as to make the terms of the decree unreasonable. As we perceive our appellate function, we must sustain the findings and judgment of the trial court.

The marriage of the parties was dissolved on August 25, 1976. Mother was awarded general custody of their two children. The motion to modify was heard on November 9, 1979 at which time a deposition taken of father on April 6, 1979 was admitted into evidence. From that deposition, the following evidence was adduced: At the time of the motion to modify, father was 56 years of age and unmarried. After having been employed by Lustour Corporation, continuously for 25 years, father was discharged on July 25, 1978. He was earning the same gross salary of $44,000.00 at the time of his discharge as at the time of dissolution. Prior to his termination, father was a product manager and involved in sales. His total income from stock dividends and salary at the time of dissolution was $80,000.00. On April 6, 1979, his total income had been reduced to $48,000.00 per year. Father's testimony revealed he was not then employed, nor did he expect to be in the predictable future. He further indicated that he did not expect his income to increase in 1979 from its 1978 level. One month after his termination from Lustour Corporation, father was diagnosed as having cancer of the prostate. Father underwent surgery for cancer of the prostate on October 31, 1978. On April 6, 1979, he was still under a doctor's care and was obliged to return to the hospital in New York for a further check-up on a radium implant in the prostate. Father testified that he was unsure of his ability to keep a job, should he obtain one, because of the state of his health.

In addition to the deposition, to which the parties stipulated, an income and expense statement dated July 18, 1979 and U.S. Tax Returns for 1976, 1977 and 1978 were admitted into evidence. The parties stipulated that father had paid $300.00 child support per month in May through November of 1979, but failed to pay any monies to mother during those months. A letter dated August 4, 1978 from Lustour Corporation regarding the termination of father's employment was admitted. They stipulated that neither of them had remarried.

Although father did not testify at trial, the aforementioned evidence in the record is sufficient to support the trial court's findings as to the change in circumstances. The question of the continuous nature of the disability and father's inability to secure employment was for the trial court. Although father was uncertain as to his ability to retain a job if he found one, he had made an effort to find employment. Job availability was problematical considering his age and medical history.

The trial court could have found a substantial and continuing change of circumstances in that:

(1) Father's loss of his lifetime job reduced his income to $48,000.00 per year; and

(2) His surgery to remove a malignancy in the prostate constituted a substantial and continuing disability; and

(3) Mother's income increased from nothing at the time of decree of dissolution to $450.00 per month.

We find no abuse of the trial court's discretion. *LoPiccolo v. LoPiccolo,* 581 S.W.2d 421, 424 (Mo.App.1979); *Kirk v. Kirk,* 598 S.W.2d 153, 156 (Mo.App.1980).

Judgment affirmed.

REINHARD and SNYDER, JJ., concur.