**Joyce K. MITCHELL, Appellant,**

v.

**John C. MITCHELL, Respondent.**

No. 42575.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 23, 1980.

Frank Susman, St. Louis, for appellant.

Richard B. Dempsey, Clayton, for respondent.

CRIST, Presiding Judge.

Appellant (hereinafter "wife") appeals from the denial of her motion to modify a previously modified maintenance award. We affirm.

The parties were divorced on July 30, 1970. The divorce decree provided for respondent (hereinafter "husband") to pay monthly maintenance in the sum of $1,000.00. This award was reduced by agreement on August 17, 1972 to $800.00 per month.

On April 24, 1976, husband filed a motion to modify seeking further reduction of the maintenance payments to $1.00 per year. Wife submitted interrogatories to husband, therein requesting husband's financial records. These interrogatories were not answered.

The parties entered into an agreement on November 19, 1976 whereby maintenance was reduced to $300.00 per month effective October 1, 1976. This agreement was filed with the trial court. It provided in part:

The parties have revealed to each other the present salary of each. Petitioner is presently employed by KMOX Radio CBS and earns $1,750.00 gross per month. Respondent is presently employed by Frank C. Mitchell Co. and earns $2,000.00 per month. The arrangement to reduce the present rate of maintenance is predicated upon these figures.

Pursuant to this agreement, the trial court, on January 31, 1978, ordered a reduction of the monthly maintenance from $800.00 to $300.00 per month effective October 1, 1976. On July 14, 1978, wife filed a motion to modify the decree as modified above. Wife alleged fraud in husband's representations in the agreement that he was earning $2,000.00 per month. Wife alleged that, in fact, husband was earning $4,700.00 per month from Frank C. Mitchell Co.

In 1976, husband earned $2,000.00 per month as salary. A bookkeeping entry reflecting a credit to husband for a bonus was made in May of 1976. Husband testified at the time of the signing of the November 19, 1976 agreement, the bonus was a mere possibility. The amount of the bonus was not determined prior to that time. Husband ultimately received a bonus of $32,500.00 in 1976. Husband further testified out of the 17 years he had been married to wife, he had received bonuses in approximately 14 of those years.

Appellate review in this case is limited by the standard set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *Kirk v. Kirk*, 598 S.W.2d 153, 156 (Mo.App.1980). The decree or judgment of the trial court must be sustained "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law or unless it erroneously applies the law." *Murphy v. Carron, supra*, at 32. Modification of a decree as to maintenance on support pursuant to a motion to modify should be made only "upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable." Section 452.370(1), RSMo. 1975.

The additional income received by husband is not, in itself, sufficient to warrant an increase in wife's maintenance award. *Rincon v. Rincon*, 571 S.W.2d 475, 476 (Mo.App.1978). It must first be determined that there has been a change in circumstances of the spouse receiving support. *Van Luvan v. Van Luvan*, 577 S.W.2d 156, 157 (Mo.App.1979). The evidence reveals little change in wife's circumstances since the time of the most recent modification. Although she was to enter the hospital for surgery, she was to be infirmed for only a short period of time. She was guaranteed that her job would be awaiting her upon her recovery. This change alone would not be sufficient to enable us to reverse the judgment in light of *Murphy v. Carron, supra.*

The burden is on wife to show fraud resulting in changed circumstances which are substantial and continuous to justify modification of the previously modified award. Husband was uncertain as to whether he would receive a bonus. His salary was $2,000.00 per month as stated in

the agreement. Both husband and wife received income in excess of their stated salary. The parties were not in a fiduciary relationship. Information of husband's financial affairs was within the fair and reasonable reach of wife. She knew of the past history of bonuses during the marriage. She had available a motion to compel discovery, a vehicle by which she might have gleaned this information. See, *Seelig v. Seelig*, 540 S.W.2d 142 (Mo.App.1976).

Wife has not met her burden of showing fraud resulting in changed circumstances sufficiently substantial and continuous to justify modification of her award.

Judgment affirmed.

REINHARD and SNYDER, JJ., concur.