In re The **MARRIAGE OF Stuart M. MERTZ, Jr.,** Petitioner-Appellant,

and

**Janet E. Mertz,** Respondent.

No. 41375.

Missouri Court of Appeals, Eastern District, Division Two.

April 14, 1981.

Gerritzen & Gerritzen, Ray A. Gerritzen, St. Louis, for petitioner-appellant.

Charles N. Goodman, Clayton, for respondent.

GUNN, Judge.

The husband-appellant sought modification of a dissolution decree, most of the provisions of which were contained in a separation agreement. The husband cited as changed circumstances to support the modification: (a) that the wife had moved to California, causing higher costs for him to see the children of the marriage; (b) the wife's ability to achieve increased earnings; (c) his increased cost of living; (d) that his income had not increased as anticipated at the time of the execution of the separation agreement; (e) that the court erred in its calculations of the parties' income and expenses.

From a St. Louis County Circuit Court ruling denying his petition for modification, the husband appeals. He also challenges the award of attorney's fees to the wife.

*In re Marriage of Hagnauer,* 610 S.W.2d 672, 673 (Mo.App.1980) capsulizes the issue we review thusly: "Modification of a decree of dissolution will be ordered only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable." *Accord, Mitchell v. Mitchell,* 610 S.W.2d 390, 391 (Mo.App. 1980).

A review of the record reveals no abuse of the trial court's discretion in its ruling finding that circumstances were not so changed as to require modification of the original decree. Its order is supported by substantial evidence and is not against the weight of the evidence. Neither does it erroneously declare or apply the law. Thus, we affirm the judgment of the trial court. *Hoelzer v. Hoelzer,* 614 S.W.2d 278, (Mo. App.1981); *In re Marriage of Hagnauer; Mitchell v. Mitchell.* The same holds true for the award of attorney's fees. The trial court has broad discretion in this respect, regardless of the financial circumstances of the recipient spouse. *Viers v. Viers,* 600 S.W.2d 214, 216 (Mo.App.1980).

An extended opinion would have no precedential value. Accordingly, the judgment is affirmed. Rule 84.16(b).

PUDLOWSKI, P. J., and WEIER, J., concur.