**Donald Edwin MOTTEL, Appellant,**

v.

**Carol Ann MOTTEL, Respondent.**

**No. 46050.**

Missouri Court of Appeals, Eastern District, Division Three.

Jan. 10, 1984.

**26**

John E. Reaban, Chesterfield, for appellant.

Barry Steven Ginsburg, St. Louis, for respondent.

KAROHL, Presiding Judge.

On January 29, 1982, appellant Donald E. Mottel filed a motion to modify a dissolution decree granted to him and his wife of twenty-five years, respondent Carol A. Mottel, on November 24, 1981. There were no children born of the marriage. Carol remarried December 24, 1981. Appellant contends here that the trial court improperly dismissed his motion to modify. We affirm.

On the day of the dissolution hearing the parties executed a handwritten "Property Settlement Agreement," which was entered into evidence. The agreement stated it was to be incorporated into the decree of dissolution. The court found the agreement not to be unconscionable, incorporated it into the decree, and ordered the parties to follow its provisions. See § 452.325.4(1).[1]

1. All statutory references are to RSMo 1978.

Among its terms, the agreement stated that the wife would be allowed to reside in the marital residence for forty-eight months. At the end of that period the property was to be sold through a real estate brokerage firm and the proceeds divided, 40% to the husband and 60% to the wife. The wife was to make all payments on the deed of trust, taxes and insurance so long as she resided on the property.

The agreement further stated that the husband "shall pay to respondent [wife] as maintenance the sum of Four Hundred Dollars ($400.00) per month for forty eight months (48)." In addition to incorporating the entire agreement into the decree, the decree itself specifically restated the maintenance terms. The agreement contained other provisions, and the parties agreed that no separate or marital property remained to be divided when the decree was entered.

After the wife remarried, the husband terminated maintenance payments and filed this motion to modify alleging a substantial change in circumstances had occurred. He alleged that under § 452.370.2 he was no longer obligated to pay maintenance. The husband asked the court to modify the decree and to order the marital residence sold forthwith and the proceeds distributed as set forth in the original settlement agreement. The trial court sustained the wife's motion to dismiss in which she contended that the court had no authority to modify the decree.

█ Despite the fact that the terms of the parties' agreement were made part of the decree, the court did not retain the power to modify them. The provision regarding the occupancy of the marital residence, its eventual sale and the distribution of proceeds was a division of marital property. "The court's order as it affects distribution of marital property shall be a final order not subject to modification." § 452.-360.2.

█ The husband contends that under § 452.370.2 his obligation to pay mainte-

nance terminated when his former wife remarried. He was to pay her $400.00 per month for forty-eight months. During the pendency of the present case our Supreme Court in *Doerflinger v. Doerflinger,* 646 S.W.2d 798 (Mo.banc 1983), examined an effort to modify a similar award. There the wife sought to increase both the amount and the period of her one year award of $900.00 per month. The court affirmed dismissal of her motion, stating the following:

> [A]n award of maintenance ordered paid in a single installment and an award of a predetermined amount for maintenance payable in multiple installments during a pre-set term .... [possess] the same attributes of adjudication and ... a decree ordering periodic maintenance payments which will cease on a designated future date is the equivalent of a lump sum award. Neither is subject to modification on a change of circumstances but can be reviewed only by appeal of the original judgment.

646 S.W.2d at 800–801. Thus the forty-eight month periodic maintenance award ordered here is not modifiable. It is to be treated in the same way as maintenance in gross. Maintenance in gross cannot be modified and survives the payee's remarriage. *D.E.W. v. M.W.,* 552 S.W.2d 280, 283 (Mo.App.1977). Although the husband's motion to modify here did not request a determination that his obligation to pay maintenance automatically terminated under § 452.075 upon the wife's remarriage, *Doerflinger* is decisive that it did not.

Judgment affirmed.

REINHARD and CRANDALL, JJ., concur.