**Wanda Lee LIETZ, (formerly Moore),**
**Petitioner-Appellant,**

**v.**

**Malcolm MOORE,**
**Respondent-Respondent.**

**No. 49718.**

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 10, 1985.

Motion for Rehearing and/or Transfer
Denied Jan. 7, 1986.

Nelson B. Rich, St. Louis, for petitioner-appellant.

William J. Wegge, Jr., DeSoto, for respondent-respondent.

CARL R. GAERTNER, Presiding Judge.

Appeal by the former wife from a judgment of the Circuit Court of Jefferson County, quashing a garnishment of her former husband's wages for past due maintenance.

On September 4, 1982, husband and wife entered into a stipulation and property settlement agreement whereby husband agreed to pay wife $270.00 per month maintenance to be used by her to make the monthly payments owed on 1982 Mercury LN 7 awarded to the wife. Husband paid this amount until January, 1984, when the wife remarried. Wife filed a request for execution and garnishment seeking $2,342.74 due pursuant to the agreement. Husband filed a motion to quash and suppress execution on the garnishment because of the wife's remarriage. The trial court sustained the husband's motion ruling that the "obligation of maintenance ceased on the remarriage of [wife] herein under § 452.075 and § 452.370 of the Revised Statutes of Missouri in that there is no explicit language in said Decree of Dissolution and Separation Agreement explicitly stating that the maintenance obligation of [husband] would continue after the marriage of [wife]." The separation agreement, which was incorporated into the decree, provided for the wife to have as her separate property a 1982 Mercury LN 7 automobile. It further provided for husband to pay wife "$270.00 per month maintenance (formerly known as alimony) to be used by [wife] to make the monthly payments owing on said Mercury LN 7. Said obligation to payment [sic] maintenance shall cease on the 14th day of March, 1986, which is the date the last payment is due and owing on said vehicle to Ford Motor Credit Union." The agreement further provided for a reduction in maintenance if wife "obtained another car with a lower monthly payment" but expressly excluded any further increase in the amount or the duration of the maintenance obligation.

Section 452.075, originally enacted by the Missouri General Assembly in 1957, provides that the remarriage of a former wife shall automatically relieve the former husband of his obligation for further payment of alimony. Although this section was not repealed by the enactment of the Dissolution of Marriage Act in 1973, the earlier law was modified by § 452.370.2, which provided:

Unless otherwise agreed in writing or expressly provided in the decree, the obligation to pay future maintenance is terminated upon the death of either party or the remarriage of the party receiving maintenance.

In 1982, the statute was amended to refer only to "future *statutory* maintenance." § 452.370.2, RSMo.Cum.Supp.1984. Determinative of the propriety of the trial court's application of the statute to the factual situation in this case is the meaning of the phrase "future statutory maintenance."

▪▪▪ The adjectives "statutory" and "decretal" have at times been used interchangeably as modifiers of the word "maintenance." *See Kirk v. Kirk*, 598 S.W.2d 153, 155 (Mo.App.1980). A thorough review of dissolution cases reveals that this interchangeable use has resulted in a departure from the literal definition of the words. Section 452.325.4, RSMo.1978, provides for the incorporation of separation

agreements in the decree, thereby rendering equally "decretal" periodic maintenance, maintenance in gross and even contractual maintenance. Similarly, any maintenance award made pursuant to § 452.335, RSMo.1978, is "statutory," whether it be of indefinite duration, for a limited time, or in gross. In actuality, the two terms have been used in dissolution cases as descriptive of periodic maintenance of indefinite duration as determined or approved by the court and which is subject to future modification upon a showing of substantial change of circumstances. The terms have served to distinguish this type of maintenance from contractual support, and from maintenance in gross, which are not subject to modification. *Doerflinger v. Doerflinger*, 646 S.W.2d 798, 800–801 (Mo. banc 1983). *Roberts v. Roberts*, 654 S.W.2d 613, 614 (Mo.App.1982); *Kirk v. Kirk*, 598 S.W.2d 153, 155 (Mo.App.1980).

■ Mindful of this distinction, we find the 1982 addition of the word "statutory" to § 452.370.2 was intended to limit termination by reason of remarriage to periodic maintenance of indefinite duration subject to modification upon change of circumstances, as well as to those cases in which the parties have otherwise agreed.

This brings us to an analysis of the maintenance award in the instant case. The decree incorporated the separation agreement by reference including the award of $270.00 per month until March 14, 1986. The agreement expressly restricts the wife's use of this money to the making of the monthly payment on the automobile. Statutory maintenance under § 452.335 authorizes maintenance to provide for the reasonable needs of one unable to support himself or herself. Regardless of its denomination as maintenance, an award of monthly payments to be used only to pay off a marital debt rather than for support cannot be considered "statutory maintenance." That the payments are to continue regardless of husband's death further contradicts their characterization as "statutory maintenance."

■ Moreover, an award of maintenance in a definite amount, whether paid in a lump sum or periodically for a limited period, is maintenance in gross. *Doerflinger v. Doerflinger*, 646 S.W.2d at 800–801. Maintenance in gross is not subject to termination by reason of remarriage. *Mottel v. Mottel*, 664 S.W.2d 25, 27 (Mo.App. 1984). Husband's argument that the possible reduction of the monthly payments if wife acquires a different automobile is unpersuasive. On the contrary, this automatic reduction provision, becoming operative without court order, is an additional factor demonstrating that the payments are not "statutory maintenance."

In holding the absence of an explicit provision for non-termination of maintenance upon remarriage necessitated a finding of termination, the trial court was apparently following the opinion of this court in *Desloge v. Desloge*, 617 S.W.2d 486 (Mo.App. 1981). There we held that the specification of § 452.370.2 for termination of maintenance "unless otherwise agreed in writing" could not be satisfied by implication. *Id.* at 488. Subsequent to the submission of husband's motion herein, the Supreme Court rendered its decision in *LaBarge v. Berndsen*, 681 S.W.2d 441 (Mo. banc 1984). In *LaBarge*, a separation agreement, incorporated in the decree, provided for maintenance to be paid to the wife "for as long as she shall live," but was silent regarding the effect of maintenance on her remarriage. The Supreme Court expressly renounced the narrow interpretation of § 452.370.2 made by the *Desloge* court and held that an implication or inference arising from the language of a separation agreement which created an ambiguity would otherwise resort to evidence extrinsic to the agreement in order to determine the parties' true intent. *Id.* at 445. *LaBarge* teaches that § 452.370.2 requires no magic words or explicit reference to remarriage in order to invoke its exception to automatic termination of maintenance. Rather, the keystone is the true intention of the parties as determined from the language of the agreement or the decree, either explicit or arising by inference or implication. Here,

the inescapable intention of the parties was not to provide support to the wife, but to provide for the payment of a marital debt. The accomplishment of this purpose is not affected by wife's remarriage. The fact the payments were denominated as maintenance, perhaps for tax purposes, in no way changes the reality of the parties' obvious intention. The parties expressed in writing, clearly albeit inferentially, their intention that maintenance should not terminate upon remarriage. *LaBarge* requires that we find the trial court erred in ruling the statute necessitated an explicit statement that maintenance was to continue after remarriage.

The order sustaining husband's motion to quash and suppress executions on garnishment is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

SMITH and SNYDER, JJ., concur.