William Earl BAY, Petitioner/Respondent,

v.

Linda P. BAY, Respondent/Appellant.

No. 53517.

Missouri Court of Appeals, Eastern District, Division One.

Feb. 23, 1988.

Gregory D. O'Shea, St. Louis, for respondent/appellant.

Thurman, Smith, Howald, Weber & Bowles, David P. Senkel, Hillsboro, for petitioner/respondent.

CRIST, Judge.

Wife appeals from the granting of husband's motion to quash a Writ of Sequestration. Wife had brought the Writ of Sequestration to satisfy a judgment she alleged was pursuant to the parties' dissolution decree. We affirm.

The parties' marriage was dissolved February 8, 1984. By the terms of the decree the family farm was to be sold and the proceeds shared by the parties. The farm was sold by foreclosure in May 1986 for less than the total indebtedness on the property. Wife never received $6,000 which was awarded her as "maintenance in gross ... to be paid from the proceeds of the sale of the farm."

Wife then filed a Request for Execution and Garnishment directed to husband's employer Jefferson College, a quasi-municipal corporation. A Writ of Sequestration for the $6,000 and $2,160 in interest was filed. Thereafter the trial court issued the following order: "there being no proceeds from the sale of said farm, the judgment of maintenance in gross is hereby declared satisfied and further the motion to quash is sustained."

Paragraph nine of the decree sets out the distribution of the marital property. Subparagraph (a) orders the sale of the farm and the distribution of the proceeds as such:

(1) First, there shall be paid the cost of said sale, including real estate sales commission or sheriff's fee, if any;

(2) Next, there shall be paid the outstanding balance owing on the promissory note secured by the Deed of Trust on said property;

(3) The marital debts as hereafter specifically set forth shall be paid in full; and,

(4) Thereafter, the money and proceeds shall be divided equally between the parties, except as otherwise provided by paragraph 10, page 12.

In paragraph ten the decree provides that:

Upon consideration of the criteria of Section 452.335.1 RSMo. 1978 [sic], maintenance in gross shall be awarded to Respondent in the sum of $6,000.00 to be paid from the proceeds of the sale of the farm.

Thus, the issue is whether the $6,000 award to wife represented part of the property distribution or maintenance in gross.

■■■ An award of maintenance in gross is an award of a predetermined amount that can be a lump sum payment or paid in installments. *Lietz v. Moore,* 703 S.W.2d 54, 56 [4] (Mo.App.1985). Such an award does not, unless otherwise indicated, terminate upon the happening of a future occurrence. *Id.* at [5]. However, an order for an award of maintenance can be conditioned upon payment from the net proceeds from the sale of real estate. *See Nelson v. Nelson,* 720 S.W.2d 947, 949 [1] (Mo.App. 1986) (holding the court can order that maintenance in gross terminate upon the remarriage of the obligee or the death of either party). The dissolution decree mandating wife be awarded $6,000 from the proceeds of the sale of the farm left little doubt the payment of such sum was to be made from the proceeds of the sale of the farm. When the court found there were no proceeds, it correctly sustained the motion to quash.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.