L. CHARLES WRIGHT, Retired Appellate Judge.
In February 1987 the wife, a resident of Missouri, filed a petition for rule nisi in the Alabama courts. She requested that the husband, an Alabama resident, be required to appear and show cause why he should not be held in contempt for his failure to pay $390 per month in maintenance to the wife from August 1979 until November 1981.
A hearing was held with all parties present. Joint stipulations were made by the parties in open court and the parties submitted briefs in support of their positions. The trial court found the husband to be in contempt of court for his failure to pay maintenance as ordered in the divorce decree. Judgment was rendered in favor of the wife in the amount of $1,950 plus interest in the amount of $1,438.74.
The wife appeals and argues that the trial court erred when it failed to order the husband to pay the maintenance due from January 1980 through November 1981. The husband contends that the trial court rendered the correct judgment because the wife remarried in December 1979 and her remarriage relieved him of the obligation to pay maintenance. The husband bases this argument on two Missouri statutes. Mo. Rev.Stat. § 452.075 (1986), provides:
“When a divorce has been granted, and the court has made an order or decree providing for the payment of alimony and maintenance of the wife, the remarriage of the former wife shall relieve the former husband from further payment of alimony to the former wife from the date of the remarriage, without the necessity of further court action, but the remarriage shall not relieve the former husband from the provisions of any judgment or decree or order providing for the support of any minor children.”
Mo.Rev.Stat. § 452.370.2 (1986), provides:
“Unless otherwise agreed in writing or expressly provided in the decree, the obligation to pay future statutory maintenance is terminated upon the death of either party or the remarriage of the party receiving maintenance.”
The parties were divorced in Jefferson County, Missouri, in November 1978. The divorce decree provided, in pertinent part: “[Husband] is Ordered to pay to [wife] as and for maintenance the sum of $390.00 per month for three (3) years starting with November, 1978.”
In their joint stipulations before the trial court, the parties agreed that the applicable law in this case is Missouri law — specifically Chapter 452 of the Revised Statutes of Missouri and any other applicable Missouri law. Therefore, the dispositive issue is whether under Missouri law the husband was obligated to continue maintenance payments to the wife after her remarriage in December 1979.
In Doerflinger v. Doerflinger, 646 S.W.2d 798 (Mo.1983), the Missouri Supreme Court considered the issue of whether the wife was entitled to have an award of maintenance of limited duration modified by filing a motion within the period of installment payments. In the divorce decree the wife was awarded maintenance in the amount of $900 per month “as and for maintenance for a period of one year from the date hereof.” Doerflinger, 646 S.W.2d at 799.
The court in Doerflinger stated that Mo. Rev.Stat. § 452.335 (1986) covers the “full range of support payments to a spouse, maintenance for an indefinite term, maintenance for a limited period and maintenance in gross.” Doerflinger, 646 S.W.2d at 800.
The Doerflinger opinion also provided:
“[I]s there a distinction to be drawn between an award of maintenance ordered *1237 paid in a single installment and an award of a predetermined amount for maintenance payable in multiple installments during a pre-set term? We conclude either award possesses the same attributes of adjudication and that a decree ordering periodic maintenance payments which will cease on a designated future date is the equivalent of a lump sum award. Neither is subject to modification on a change of circumstances but can be reviewed only by appeal of the original judgment.”
Doerflinger, 646 S.W.2d at 800-801.
In Mottel v. Mottel, 664 S.W.2d 25 (Mo.Ct.App.1984), the Eastern District of the Missouri Court of Appeals had before it a case where the parties had executed a property settlement agreement which provided that the husband was to pay to the “ ‘[wife] as maintenance the sum of Four Hundred Dollars ($400.00) per month for forty eight months (48).’ ” Mottel, 664 S.W.2d at 26. The wife remarried and the husband terminated the maintenance payments and filed a motion to modify.
The court in Mottel, citing Doerflinger as authority, held that the maintenance payments were to be treated as maintenance in gross which cannot be modified and survives the payee’s remarriage.
Then, in 1985, the Eastern District of the Missouri Court of Appeals decided Lietz v. Moore, 703 S.W.2d 54 (Mo.Ct.App.1985), wherein the husband was to pay $270 per month as maintenance to the wife until March 1986. Husband paid this amount until January 1984 when the wife remarried. The court in Lietz relied on Doerflinger, 646 S.W.2d 798 and Mottel, 664 S.W.2d 25, and stated, in pertinent part:
“Moreover, an award of maintenance in a definite amount, whether paid in a lump sum or periodically for a limited period, is maintenance in gross. Maintenance in gross is not subject to termination by reason of remarriage.”
Lietz, 703 S.W.2d at 56 (citations omitted).
In 1986 the Western District of the Missouri Court of Appeals decided the case of Nelson v. Nelson, 720 S.W.2d 947 (Mo.Ct.App.1986). In Nelson, the divorce decree provided that the husband was to pay the wife, as maintenance in gross, the sum of. $49,500, payable in installments of $1,500 per month until fully paid, and that the payments were to terminate if either party should die or the wife should remarry. The wife appealed, contending that the statutes do not allow a maintenance in gross award to terminate based upon death or remarriage.
The Nelson opinion contained a lengthy historical review of Missouri statutes governing alimony and maintenance. The court in Nelson found that § 452.370.2 would apply to installments yet to accrue of an award of maintenance in gross payable in installments.
The Nelson court recognized the existence of Mottel, 664 S.W.2d 25, and Lietz, 703 S.W.2d 54. However, the Nelson court questions the Eastern District’s interpretation that the holding in Doerflinger stands for the proposition that future installments of a maintenance in gross award vest at the rendition of the judgment and cannot terminate pursuant to § 452.370.2.
It appears that there is a conflict between the districts of the Court of Appeals in Missouri. Our research reveals that the Missouri Supreme Court has not resolved the conflict. Jefferson County, Missouri is within the jurisdiction of the Eastern District of the Missouri Court of Appeals. The Mottel case and the Lietz case were rendered by the Eastern District of the Court of Appeals.
Therefore, on the authority of Mottel and Lietz, the award of maintenance in the present case which was payable in installments did not terminate upon the remarriage of the wife. The judgment of the trial court is reversed and the case is remanded for the issuance of an order not inconsistent with this opinion.
This case is reversed and remanded.
Both parties request a reasonable attorney’s fee on appeal. The wife’s request is granted in the amount of $500. The husband’s request is denied.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES *1238 WRIGHT while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.