Elbert D. ENOCHS, Respondent,

v.

Deborah E. ENOCHS, n/k/a Deborah
Schweppe, Appellant.

No. 53657.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 6, 1988.

Beck, Tiemeyer & Zerr, Richard Zerr, Ronald Fralicx, St. Charles, for appellant.

Charles E. Bridges, St. Charles, for respondent.

SMITH, Judge.

Deborah Schweppe, hereinafter referred to for convenience as wife, appeals from the judgment of the trial court declaring that full satisfaction of a dissolution decree had been made by husband. We affirm.

The decree as entered contained a provision:

"It is further ordered that the four (4) acres in Wright City remain up for sale and upon the sale of said land, Respondent is awarded the sum of Six Thousand Dollars ($6,000.00) from the net proceeds of said sale."

The dissolution occurred May 1, 1981. The statement of property of the husband reflected that the four acres was his separate property. In August 1986, a commissioner appointed by the court to sell the property, held a sale and sold the property to wife and her present husband. The sale price was $431.56. Expenses of the sale were $430.56 leaving net proceeds of $1.00 which were paid to wife. Upon stipulated facts, the trial court held that the net proceeds of the sale satisfied in full the judgment in the dissolution decree.

■ Wife first argues that the original judgment was a nullity because it does not state a definite time when she is to be paid. The decree states wife is to be paid when the land is sold. In cases where a purported judgment has been held to be deficient for the purposes of execution, the existence or amount of the judgment has been dependent on some unsettled future contingency. *Schulz v. Schulz*, 627 S.W.2d 91 (Mo.App.1982) [1]. Because the land here

was husband's separate property the award made was maintenance in gross.[1] In dissolution actions if the court can ascertain by motion, and testimony if necessary, the maintenance due under the terms of the decree then the decree is enforceable. *Bryson v. Bryson,* 624 S.W.2d 92 (Mo.App. 1981) [5]. The same is true of the timing of the award. We find no basis for invalidating the original judgment for indefiniteness.

■ Wife also contends that the order was inequitable because it did not result in a just division of the marital property. The land in question was not marital property at all. There is nothing in the record to establish that any different distribution of marital property would have been made had this asset not been available. The parties had very little marital property and what they had of value was heavily encumbered. We find no merit to this contention.

■ Finally, wife asserts the court misconstrued the judgment and that that judgment required husband to pay her $6000 regardless of the source of the funds. In *Bay v. Bay,* 745 S.W.2d 823 (Mo.App.1988), we were confronted with an indistinguishable factual situation. We held that an award of maintenance can be conditioned upon payment from the net proceeds of a sale and if the net proceeds are inadequate to pay the designated award receipt of such proceeds satisfies the judgment. The decree has been satisfied.

JUDGMENT AFFIRMED.

KAROHL, P.J., and KELLY, J., concur.

---

1. Husband's testimony at the uncontested dissolution proceeding was less than precise about whether the property was marital or his separate property. This was largely because he was never asked. His statement of property, an exhibit in the dissolution proceeding, is clear that the land was separate property. The issue is not critical to our determination. If the property was marital there is no greater indefiniteness in the decree than if it is separate. Nor do we find it affects the distribution of the marital property. Wife has received the net proceeds of the sale and the property itself. She therefore has received the full value of the property, whatever that may be, and husband has received none of that value. In briefs before the trial court both parties stated that at the time of dissolution the parties and the court believed the property to be worth $12,000.