**Barbara Ann SANSONE, Appellant,**

v.

**Robert Charles SANSONE, Respondent.**

**No. 42489.**

Missouri Court of Appeals,
Eastern District,
Division Three.

April 28, 1981.

Edwin P. Harrison, James W. Sherby, Clayton, for appellant.

Charles Merz, St. Louis, for respondent.

REINHARD, Judge.

Wife appeals following the entry of the trial court's decree dissolving the parties' marriage.

The parties married on June 16, 1967 and the decree of dissolution was filed on October 22, 1979. Two children were born of the marriage and wife received custody of both, with an award for child support. Wife received the larger portion of the marital property, including the marital home.

In its decree, the court also awarded wife $400 per month as maintenance for a period of one year. The court found that this period would give wife "ample time to obtain employment or further training for employment . . . .," based upon the court's finding that wife was "an able bodied woman capable of obtaining gainful employment, and earning an income sufficient to maintain herself . . . ." Although on appeal wife contends that the court erred in its findings regarding her health and her ability to be employed, the real issue centers on that portion of the order limiting the duration of maintenance, which wife contends is not supported by the evidence.

At the time the parties married, wife had two years of junior college credit and was employed as a waitress in a Playboy Club. During most of the parties' twelve-year marriage, wife had not been employed outside the home, although there was evidence that she had worked briefly as a retail salesperson at one point. At the time of trial, wife was 35 years old. Nine months prior to the trial, wife had completed a fifteen-week course in real estate appraisal at Meramec Junior College, and received a license to work as a real estate appraiser. Husband's witness, the manager of the Appraisal Division of Dolan Realty, testified in regard to job opportunities in the real estate appraisal field for a person with wife's qualifications. He also testified that the starting salary in such jobs would be in the range of $10,000 to $12,000.

Wife testified that she was under a doctor's care for continuing irregular menses and anemia, and that she had been told by her doctor not to work outside the home because of these conditions. She also quoted the doctor as saying that "[A] lot of it is emotional from the thing we are going through ... now."

In support of her contention that the court erred in limiting maintenance to a period of one year, wife relies upon *In re Marriage of Powers*, 527 S.W.2d 949, 955–56 (Mo.App.1975). In *Powers*, our court held that where the evidence indicated that wife's financial prospects would not improve dramatically in the future, the initial maintenance award should not have included a termination date, but should have left this determination for a future proceeding to modify the award when the court would have evidence of any change in circumstances.

■ *Powers*, however, has been misinterpreted as prohibiting awards of limited duration. As Judge Dowd stated in *Powers*:

Our decision should not be interpreted as a denial of the trial court's authority to make maintenance awards of limited duration. On the contrary, the new statute [§ 452.335, RSMo 1978] specifically granted the trial judge this authority. However, awards of limited duration should not be based on speculation as to the future conditions of the parties. Awards of limited duration are entirely proper where the trial court has before it evidence of some impending change in the financial conditions of the parties or at the least some reasonable expectation that such a change will occur.

*Id.* at 956.

Here, the evidence was that wife was already trained as a real estate appraiser. There was also evidence of a market for real estate appraisers. The court granted maintenance for a reasonable period so that wife could adjust to a new pattern of life and obtain employment.

■ Wife's logic would lead us to conclude that no limitation should have been placed on the maintenance award, and that any modification of the award could occur only after she actually took a job. Although *Powers* states that a maintenance award of limited duration should not be based upon speculation, we do not believe this means husband must wait to request modification until it is a certainty that wife will be employed. The evidence here supports the conclusion that there *was* "some reasonable expectation ....," *Id.*, that within a year wife would have employment, if she sought it.

The court had no medical evidence before it, and based upon wife's own testimony as to her health, we find no error in the court's findings and conclusions in regard to her health.

Under the standard set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), a review of the record leads us to conclude that the court's orders are supported by substantial evidence and are not against the weight of the evidence. Neither do they erroneously declare nor apply the law.

Judgment affirmed.

CRIST, P. J., and SNYDER, J., concur.