Oliver DOERFLINGER, Respondent,

v.

Barbara DOERFLINGER, Appellant.

No. 64376.

Supreme Court of Missouri,
En Banc.

Feb. 23, 1983.

Rehearing Denied March 29, 1983.

Frederick W. Martin, III, William A. Shull, III, Legal Aid of Western Mo., Warrensburg, for appellant.

R. Brian Hall, Gladstone, for respondent.

BILLINGS, Judge.

This case was certified to this Court by dissenting opinion from the Missouri Court of Appeals, Western District. We have jurisdiction under Art. V, Section 10, Missouri Constitution, and adopt the majority opinion, written by Clark, J., as the opinion of this Court. With minor modification and without quotation marks, the opinion is as follows:

In this dissolution of marriage case, the wife appeals the order of the trial court dismissing her motion to modify an award of maintenance. The sole question presented is whether the wife is entitled to seek modification of an award of maintenance of limited duration by filing a motion within the period of installment payments. We conclude she is not and affirm the order of the trial court.

The original, contested trial of this case occurred in October 1979 and the memorandum opinion and judgment were entered December 6, 1979. Detailed findings were made by the trial court, the relevant portions of which are repeated here because of their particular significance in addressing

the question posed. The findings were as follows: [1]

The Court further finds it would not be feasible because of the respondent's ailment from a physical or economic standpoint that she be awarded the house. However, she is entitled to be awarded the equivalent of a years [sic] occupancy of the house and this award is made to her and is included in the monthly maintenance award hereinafter set forth. The respondent is also awarded the furniture in the residence. The real estate including the house and other marital property is awarded the petitioner subject, of course, to the encumbrance in the amount of $205,000 for which he is solely responsible for the payment thereof. As between petitioner and respondent, the respondent is absolved of all liability on the notes and deeds of trust.

In view of all the relevant factors enumerated in Section 452.335, V.A.M.S., the Court finds that the respondent should have an award of maintenance to meet her reasonable needs until she can get established in her new mode of life. Respondent is intelligent and prior to her marriage to the petitioner she was doing office work for Fina Oil Company. The Court finds that her multiple sclerosis would not be any great obstacle to her obtaining full time employment if she would abstain from the use of intoxicants. Obviously her excessive drinking greatly aggravates her multiple sclerosis but this she does of her own volition. If respondent is of a mind to, she can give up her drinking of intoxicants and secure employment. However, the Court finds that the respondent should have a year to straighten out her life and become rehabilitated and that she is entitled to a monthly award of maintenance in the amount of $900.00 per month for a period of one year which sum the Court finds to be reasonable and necessary considering the yearly salary of the petitioner and the standard of living enjoyed by the parties.

The decree then followed with an award of maintenance to the wife in the amount of $900.00 per month "as and for maintenance for a period of one year from the date hereof." The wife was also awarded the cash sum of $9,640.00 as her share of marital property.

On August 21, 1980, the wife filed her motion to modify the dissolution decree in respect to maintenance. The motion alleged that the wife's illness of multiple sclerosis had prevented her from obtaining employment and had rendered her totally disabled. As a consequence, she contended the maintenance awarded her, due to expire in some four months, was inadequate. She sought modification to increase the amount to $1,750.00 monthly and to alter the term so that the increased sum would be paid "to an unspecified and ongoing time." The motion of the husband to dismiss the modification proceeding was sustained on the stated ground, in the motion, that the court had no jurisdiction to modify a lump sum maintenance award.

In the single point presented on this appeal, the wife first concedes that maintenance awarded in gross may not be modified on motion subsequently filed and that the order dismissing her motion in this case would have properly been made had the allowance here been maintenance in gross. She contends, however, that maintenance ordered to be paid in periodic installments is not maintenance in gross even though the court may have exercised the option provided by statute to limit the payment period to a specified term. It is the wife's position that maintenance in gross is decreed only when a lump sum is so designated, and that any award of periodic payments partakes of the attributes of maintenance ordered paid from time to time thus entitling either party to seek modification of future installments under Section 452.370.[2]

■ Section 452.335.2 providing for the award of maintenance to either spouse directs the court to provide maintenance in

1. In the cause below, the husband is referred to as petitioner and wife as respondent.

2. All statutory references are to RSMo 1978 except as noted.

such amounts and for such periods of time as the court deems just. While it is no longer open to question that the trial court is empowered to decree maintenance as payable indefinitely, or for a period of limited duration, *Sansone v. Sansone*, 615 S.W.2d 670 (Mo.App.1981), it has also been held that this same section sanctions awards of maintenance in gross formerly authorized by Section 452.080, RSMo 1969. *D____E____W____ v. M____W____*, 552 S.W.2d 280, 282 (Mo.App.1977)[3]. Section 452.335 thus covers the full range of support payments to a spouse, maintenance for an indefinite term, maintenance for a limited period and maintenance in gross. The crux of the wife's contention here is that modification may be sought under Section 452.370 as to any order for periodic payments of maintenance, whether such payments are ordered only for a specified term or from year to year.

No Missouri case directly in point has been cited and independent research has disclosed none. It has been held, however, that the term or amount of periodic maintenance ordered paid for a limited term may not be reviewed under Section 452.370 after the payment term has run. *Ethridge v. Ethridge*, 604 S.W.2d 789 (Mo.App.1980). The rationale expressed in *Ethridge* was that Section 452.370 refers only to modification of future payment installments and once the term during which maintenance is payable has expired, there are no future payments upon which a modification order would be operative.

The wife in the present case seeks both an increase in the amount of monthly payments and deletion of the one-year expiration date for the husband's obligation to provide maintenance. As in most, if not all cases, the critical issue here is whether the payment term may be extended beyond

that originally decreed. The rationale which controls that issue likewise governs the question of authority to vary the amount. The finality of the adjudication limiting the maintenance obligation is therefore the substantive, dispositive question in the case.

■ Section 452.335 grants to the trial courts wide latitude in decreeing spousal maintenance. After giving due consideration to all of the factors which the statute enumerates, the court must undertake not only to set the amount payable, if support is to be ordered, but to determine for what period the payments shall be made. The statute plainly indicates that dependency of a spouse is not presumed but rather a spouse seeking maintenance is, in proper cases, to be encouraged and aided in becoming self-sufficient by education or training. Section 452.335.2(2). Justice does not require provision of support to a spouse who is or may be prepared to become self-supporting. *Pederson v. Pederson*, 599 S.W.2d 51, 54 (Mo.App.1980).

■ While the authority of the trial court under Section 452.335 to award a lump sum as maintenance or to set a terminal date for payments is not here in contest, reliance by the wife on Section 452.370 as a basis for later revision or removal of the payment limitation necessitates analysis of this last mentioned section and, in particular, the language limiting modification "only as to installments accruing subsequent to the motion." If it be accepted, as the authorities have consistently held, that maintenance awarded in gross is not subject to modification under Section 452.370, is there a distinction to be drawn between an award of maintenance ordered paid in a single installment and an award of a prede-

---

**3.** Section 452.080 inexplicably was not repealed when the new marriage dissolution law was enacted. That section therefore still remains as authority to award *alimony in gross*. It would however, be a rare situation in which this section would ever be utilized. Under Section 452.080, an award of periodic alimony or alimony in gross may only be made to the wife and then only if she is the injured and innocent party. Moreover, there is no authority for modification of an award made under Section 452.080 because Section 452.070 providing for modification of those awards was repealed. There is no contention here and there could be none that the award to Barbara Doerflinger was in any way dependent on the provisions of Section 452.080.

termined amount for maintenance payable in multiple installments during a pre-set term? We conclude either award possesses the same attributes of adjudication and that a decree ordering periodic maintenance payments which will cease on a designated future date is the equivalent of a lump sum award. Neither is subject to modification on a change of circumstances but can be reviewed only by appeal of the original judgment.

As was noted earlier in this opinion, maintenance may be awarded under Section 452.335 in a predetermined amount, the equivalent of that which formerly was described as maintenance in gross. *D____E____W____ v. M____W____, supra.* While the last cited case involved a single installment award of $10,000, the opinion is significant for its comment on a case decided some three months earlier, *LoPiccolo v. LoPiccolo,* 547 S.W.2d 501 (Mo.App.1977). In *LoPiccolo,* the wife was working part time as a saleswoman at the time of the marriage dissolution. Her job showed promise of future improvement and on this account the trial court awarded maintenance terminating after four years. In commenting on that decision, the court in *D____E____W____ v. M____W____, supra* stated (at 283):

> There we held that a *gross award* which was scheduled to terminate after four years was improper, not because such awards were unauthorized under the new statute, but because there was no evidence indicating the wife's circumstances would change in four years and that she would be less needy. Therefore, this opinion implicitly supports the view that *gross awards* are appropriate under the dissolution statute. (Emphasis supplied.)

Two conclusions are to be drawn from the foregoing opinions. The first is that awards of maintenance in gross derive their origin in Section 452.335. The second is that a gross award may be a lump sum payment or the product of periodic payments due to expire on a predetermined date. The common characteristic of both is

that the trial court rejected a necessity of the dependent spouse for indefinite continuation of support and has decreed instead the payment of limited sum during a period of readjustment. That decision, absent appeal, constitutes a final adjudication on the subject of the spouse's financial dependency and is not reviewable through a modification motion.

Throughout the course of decisions which in the past have considered maintenance awards under facts similar to the present case, an undercurrent of assumption has prevailed that an adjudication on the basic question of whether maintenance should run for a limited time and amount or be payable indefinitely in the future was a final adjudication reviewable only by appeal.

So, for example, in *Poague v. Poague,* 579 S.W.2d 822 (Mo.App.1979), where one of the wife's points on appeal was the lack of evidence to support an award of maintenance for eighteen months, the opinion instructed the trial court on retrial to receive evidence as to the wife's ability to obtain employment and the need for training and to award maintenance of limited duration only if the evidence warranted. If evidence on this account be lacking, the opinion then states (at 824): "It [maintenance] should then be of unlimited duration, the amount of which might be subject to modification if appellant's financial condition should in fact improve." This statement quite apparently assumes a maintenance award of limited duration may not be modified.

The *Poague* case was cited in *Pederson v. Pederson, supra* where the husband complained that indefinite continuance of the maintenance award was inappropriate beyond a period set aside for attendance of the wife at a nursing school. The court held that "rehabilitative maintenance" should be for a limited term and sustained the husband's contention that he should not be obliged to await the completion of the wife's training and then seek relief by a modification motion.

Among a number of other cases available for citation is *Sansone v. Sansone, supra*

where it is stated (at 671): "Although *Powers* [*In re Marriage of Powers,* 527 S.W.2d 949 (Mo.App.1975)] states that a maintenance award of limited duration should not be based upon speculation, we do not believe this means husband must wait to request modification until it is a certainty that wife will be employed."

The tenor of all these cases is the same. A limited award of maintenance follows an appraisal of future events. Whether a decision to limit maintenance is or is not appropriate in the circumstances depends not upon reassessment by hindsight, but upon whether there was substantial evidence at the time to justify imposition of the limitation. The remedy for the spouse who is aggrieved by a limited maintenance award is by appeal. Indeed, were such not the rule, there would be no reason to appeal a maintenance award of limited duration because modification could always serve the purpose of adjusting the term for and amount of payments to events as they occur.

In *Royal v. Royal,* 617 S.W.2d 615 (Mo. App.1981), the trial court found that the wife was in need of maintenance for one year to supplement her income and to cover medical expenses. Because the evidence was viewed as inconclusive and speculative as to the wife's future needs, the judgment was modified on appeal by the following (at 620): "The limitation of that sum [maintenance] is affixed at one year, but the order, concerning terminating all maintenance after one year, is hereby modified to provide that after the expiration of one year, appellant shall be entitled to the sum of one dollar ($1.00) per annum as maintenance until further modified by the circuit court upon good cause shown." The conclusion is obvious—that an award of maintenance for an indefinite term was required to preserve entitlement of the wife to relief by modification under Section 452.370.

For the reasons given, the award of maintenance to the wife is determined to have been an award of lump sum maintenance payable in installments and not subject to modification as to the period of payments or the amount. A motion to modify that award will not lie and the trial court was correct in dismissing the motion.

The judgment is affirmed.

All concur.