**Richard Lee HUTCHINS, Plaintiff-Respondent,**

v.

**Martha Belle HUTCHINS, Defendant-Appellant.**

No. 45635.

Missouri Court of Appeals, Eastern District, Division Two.

Oct. 18, 1983.

W. Morris Taylor, Brian A. McKinsey, Clayton, for defendant-appellant.

Dale L. Rollings, James A. Borchers, St. Charles, for plaintiff-respondent.

SNYDER, Presiding Judge.

This is an appeal from the dissolution of the marriage of Richard and Martha Hutchins. The trial court set off certain separate property, divided marital property, and awarded custody of the three children, child support of $65 a week per child, maintenance in gross of $6,000 and attorney fees of $5,000 to the wife. She now appeals, alleging trial court error in the awards of maintenance, child support, and attorney fees, the division of marital property and the designation of certain assets as separate property.

The appeal is dismissed because the trial court failed to dispose of all of the marital property.

The parties were married January 9, 1965 in St. Louis County. On January 3, 1981 the parties separated. Husband filed a petition for dissolution on February 9, 1981.

The trial court found that the marriage was irretrievably broken, set off certain items of separate property to husband and divided certain items of marital property. The items and values need not be listed in detail because the appeal is being dismissed.

Although there was evidence of the following assets, they were not divided or distributed in the court's decree:

| | |
|---|---|
| 1952 Ford tractor | $ 500.00 |
| Six life insurance policies (cash value) | 7,685.18 |
| TOTAL | $8,185.18 |

■ Section 452.330 RSMo. 1978 provides that in a proceeding for dissolution of marriage, "the court shall set apart to each spouse his property and shall divide the marital property...." Where full disposition of marital property is not accomplished, the trial court has not exhausted its jurisdiction, and no final appealable judgment results. *Ravenscroft v. Ravenscroft,* 585 S.W.2d 270, 274[5] (Mo.App.1979). "If the undistributed property is discovered before the time for appeal has run, the appellate court, when presented with an appeal raising the issue of undistributed property, must dismiss the appeal because the trial court has not exhausted its jurisdiction and has not rendered a final judgment from which an appeal can be taken." *State ex rel. McClintock v. Black,* 608 S.W.2d 405, 406[1] (Mo. banc 1980).

Wife also maintains that the trial court failed to divide four checking or savings accounts, a salary bonus of $10,000, a certificate of deposit valued at $12,500 and a treasury note valued at $10,000. There is no evidence on the record, however, that any of these funds remained at the time this proceeding was concluded in the trial court.

The trial began on September 15, 1981. Because of scheduling conflicts, the trial did not resume until January 14, 1982 and concluded January 15, 1982. The initial income and expense statement of husband, which listed all of these accounts, was filed May 1, 1981.

On June 30, 1981, husband lost his job at Hutchins Co. and remained unemployed until August 17, 1981. At that time, he began working for Traditional Watercraft, Inc. in St. Petersburg, Fla., at an hourly rate of $3.35/hour. Throughout his unemployment, husband continued to pay the expenses of his entire family and maintain the family home in St. Charles, Mo., as well as a home in Florida. He incurred substantial transportation expense because of the children.

In May, 1981, the trial court increased his voluntary support payments to wife to $1,200 a month. Not surprisingly, then, a new financial statement, filed September 9, 1981 by husband showed a substantial reduction in the funds in those accounts. At the January 14–15, 1982 proceeding, husband testified that the funds in the bank accounts, the bonus money, and the proceeds of the certificate of deposit and treasury note had been depleted. There was no evidence in the record to dispute that testimony.

■ The trial court had substantial evidence to support a finding that the funds in the bank accounts and from the salary bonus, certificate of deposit and treasury note had been depleted. Thus, the court's failure to divide those items as marital property cannot be held to be error. *Murphy v. Carron,* 536 S.W.2d 30, 32[1–3] (Mo. banc 1976).

The trial court failed to divide all of the marital property. There is no final and appealable judgment. For that reason, the other issues raised on appeal need not be considered.

The appeal is dismissed.

DOWD, C.J., and GAERTNER, J., concur.