Patricia L. BLOUNT, Petitioner-Appellant,

v.

David B. BLOUNT, Respondent.

Nos. 47753, 47802.

Missouri Court of Appeals, Eastern District, Division Three.

June 26, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 8, 1984.

Application to Transfer Denied Sept. 11, 1984.

Kenneth S. Lay, Clayton, for petitioner-appellant.

David B. Lacks, Clayton, for respondent.

KAROHL, Presiding Judge.

Wife appeals trial court's decree dissolving the parties' marriage. The court awarded the wife custody of the children, child support, the marital home and furnishings, and limited maintenance.

The parties were married on June 29, 1963 and the dissolution decree was granted on August 11, 1983. Three children were born of the marriage. The youngest child will be eighteen on March 23, 1988. The limited maintenance award of $2,200 per month will end in May, 1988.

Appellant wife's only point on appeal contests the sufficiency of evidence to support the termination in four years and nine months of the $2,200 per month maintenance where there was no evidence of impending change in her financial condition and no evidence of any reasonable expectation that such change will occur.

The trial court has discretion as to the amount and duration of maintenance payments after considering various factors enumerated in Section 452.335.2, RSMo 1978. These factors are not exclusive. That section provides the following:

2. The maintenance order shall be in such amounts and for such periods of time as the court deems just, and after considering all relevant factors including:

(1) The financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently, including the extent to which a provision for support of a child living with the party includes a sum for that party as custodian;

(2) The time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment;

(3) The standard of living established during the marriage;

(4) The duration of the marriage;

(5) The age, and the physical and emotional condition of the spouse seeking maintenance;

(6) The ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance; and

(7) The conduct of a party seeking maintenance during the marriage.

Appellant was approximately 38 years old at the time of the decree, a high school graduate and in good health. She worked full-time as a secretary for the first five years of marriage. She then became a full time homemaker to raise the children. For a limited period in 1981 she was a part-time bookkeeper. She is wholly dependent upon respondent-husband who was ordered to pay $2,900 a month for maintenance and child support, the sufficiency of which has not been appealed.

Applying the statute to the facts we find first, that except for the marital home worth approximately $160,000 with an equity of $57,000, household furnishings and an automobile subject to a lease she has no access to independent income. Second, there was no evidence presented at trial as to the time necessary for the wife to rehabilitate herself so as to become self-supporting. Third, the standard of living established during the marriage has increased appreciably over the years largely due to the husband advancing in his occupation and becoming a partner in Arthur Anderson and Co. Fourth, the marriage lasted nineteen years. Fifth, the wife was approximately 38 years old at the time of the decree and evidence indicates she was in good health. Sixth, the husband had the ability to meet his needs while meeting those of his wife since his income in 1982 was $140,000 and there was no reason to believe that amount would decrease in the

future. Finally, there is no evidence of marital misconduct.

■ The Missouri Supreme Court in *Doerflinger v. Doerflinger,* 646 S.W.2d 798, 802 (Mo. banc 1983) ruled that limited maintenance depends not on assessment of future events but upon whether there was substantial evidence *at the time* of the decree to justify an imposition of a limitation. (emphasis added). We ruled a case on similar facts in *LoPiccolo v. LoPiccolo,* 547 S.W.2d 501 (Mo.App.1977). In that case the wife was 38 years old, was granted custody of four children, owned no income producing property and had not worked during her marriage. However, the wife obtained employment as a saleswoman and had an optimistic financial outlook for the future. The appellate court there concluded that the wife's optimism did not constitute substantial evidence of her future ability to provide for her needs and held the trial court committed error in limiting her maintenance to four years. *LoPiccolo* relied on *In re Marriage of Powers,* 527 S.W.2d 949, 955 (Mo.App.1975). The conclusion in *Powers* was that if evidence indicates that the dependent spouse's financial prospects will not improve dramatically in the future and that the means of the spouse providing maintenance are not likely to decrease in the future, the trial court abuses its discretion when it speculates that the original maintenance award will no longer be required in the future. Maintenance should not be prospectively decreased or terminated if there is no evidence or reasonable expectation that the circumstances of the parties will be markedly different in the future. *LoPiccolo* at 506. A future income source should not be considered if the amount of the future income is speculative. *See, Butcher v. Butcher,* 544 S.W.2d 249, 253 (Mo.App.1976).

■ We held in *Turner v. Turner,* 650 S.W.2d 662 (Mo.App.1983) that where a physical disability at the time of the dissolution made self-support uncertain limited maintenance was inappropriate. We now hold that where termination of mainte-

nance is four years and nine months from the date of the dissolution and where evidence fails to disclose with any degree of certainty that dependent spouse will be self-supporting it was error to limit maintenance and therefore the decree misapplied the facts to the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

Evidence disclosed only the possibility that appellant would become self-supporting. In the event the youngest child became disabled or otherwise required appellant to remain unemployed her self-support upon a fixed future date would be disrupted. Appellant's good health in 1988, her ability to adequately rehabilitate herself with an employable skill in order to become self-supporting is unpredictable.

Here the limited maintenance was related to the eighteenth birthday of the child and not based upon evidence supporting a finding that four years was the time needed to permit appellant wife to acquire any particular education or training to enable her to become self-supporting. Only the latter type of proof would suffice under § 452.335.2(2), RSMo 1978. No such evidence was offered.

The court failed to also consider the requirements of § 452.335.2(1), RSMo 1978 relating to appellant wife's ".. ability to meet [her] needs independently .."

We affirm the decree but modify it to eliminate the limited duration of periodic maintenance. Rule 84.14; *Murray v. Murray,* 538 S.W.2d 587, 588 (Mo.App.1976).

REINHARD, J., dissents in a separate opinion.

CRANDALL, J., concurs.

REINHARD, Judge, dissenting.

I respectfully dissent. The majority has too narrowly interpreted § 452.335.2, RSMo.1978, and the cases on limitation of maintenance in dissolution decrees. Our standard of review is established in *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). We are not to substitute our judgment for that of the trial court.

In considering the duration of maintenance, the trial court is statutorily admonished to consider seven relevant factors. However, these factors are not exclusive. § 452.335.2, RSMo.1978. There is no indication in the record that the court ignored the mandate of the statute. The majority apparently reverses because the award of limited maintenance was related to the youngest child's eighteenth birthday rather than to "evidence supporting a finding that four years was the time needed to permit appellant wife to acquire any particular education or training to enable her to become self-supporting. Only the latter type of proof would suffice under § 452.335.2(2), RSMo.1978. No such evidence was offered." I disagree with the majority's holding as to the requirements to support an award of limited maintenance.

The principal case by the Missouri Supreme Court on the issue of limitation of maintenance is *Doerflinger v. Doerflinger*, 646 S.W.2d 798 (Mo. banc 1983). Judge Billings, writing for the court, quoted our case of *Sansone v. Sansone*, 615 S.W.2d 670, 671 (Mo.App.1981): "[A]lthough *Powers* [*In re Marriage of Powers*, 527 S.W.2d 949 (Mo.App.1975)] states that a maintenance award of limited duration should not be based upon speculation, we do not believe this means husband must wait to request modification until it is a certainty that wife will be employed." 646 S.W.2d at 802. Evidence in the present case revealed that even though the wife did not have a college education, she did have secretarial skills and had worked full-time during the first five years of the marriage. As recently as approximately two years before the dissolution hearing, she had worked as a part-time bookkeeper. According to her testimony, the reason she was not seeking employment was because she had school children at home. As she stated at trial, "I just feel that ... if I'm not there, then maybe they wouldn't be in their room doing homework...." Accordingly, the court terminated maintenance concurrent with the youngest child's graduation from high school at age eighteen.

The dissolution decree not only granted a substantial amount of support for the children; it also provided that the minor children of the marriage receive a four year undergraduate education at the expense of the husband. Thus, the wife will not be responsible for the children's support after they leave her home. She is skilled and experienced at secretarial work, which is one of the more valuable and important tasks in society. One needs only to look at the want ad pages of a Sunday newspaper to see that there is a great demand for secretaries. Furthermore, under the trial court's limitation of maintenance, the wife would have four year's notice that her maintenance would end, and there is no reason that she cannot seek further education or training within that time.

Although the evidence is debatable as to whether the court should have limited maintenance, I believe there was evidence to support such a limitation. As stated above, we are not to substitute our judgment for that of the trial court's; the evidence here provides a rational basis for the trial court's limitation, and accordingly, I would affirm.