**Richard Lee HUTCHINS, Respondent,**

v.

**Martha Belle HUTCHINS, Appellant.**

**No. 48767.**

Missouri Court of Appeals,
Eastern District,
Division Two.

March 12, 1985.

---

1. Not at issue here is plaintiff's other $492 monthly income from Social Security and a railroad pension.

**704**

W. Morris Taylor, Clayton, for appellant.

Ellsworth Cundiff, St. Charles, for respondent.

REINHARD, Chief Judge.

This is an appeal by wife from the decree dissolving the parties' marriage. This is the second time this case is before the court. The first appeal was dismissed because the trial court had failed to dispose of all marital property. *Hutchins v. Hutchins*, 660 S.W.2d 403 (Mo.App.1983). Following that dismissal the parties entered into a stipulation for the distribution of that property. The stipulation also transferred custody of one of the parties' three minor children to husband, but otherwise left the original decree intact, subject to right of appeal. The agreement was approved by the trial court and a final, appealable decree is now before us. The record of the first appeal has been incorporated into the present appeal, with the parties resubmitting their original briefs with supplementation. Wife realleges the same points as in the first appeal: that the trial court erred in its awards of maintenance, child support, and attorney's fees, in the division of marital property, and in classifying certain assets as husband's separate property. We modify and affirm as modified.

The parties were married on January 9, 1965. They separated on January 3, 1981, when wife was admitted to an alcohol

abuse treatment center. Although she successfully completed the treatment program, and has had no problems with alcohol since, the parties never resumed cohabitation. Three children were born of the marriage; Mary Frances, born September 18, 1965; Kathleen Beatrice, born October 10, 1968; and Richard Lee Hutchins, Jr., born October 7, 1974. The original decree gave custody of all three children to wife, and awarded her child support of $65 per week per child. As noted above, the stipulation provided that custody of the youngest child be transferred to husband and eliminated child support payments after the date of transfer.

During the marriage, husband provided for the financial needs of the family while wife remained home to raise the children. She has an eleventh grade education and has not been employed outside the home since the marriage. He had been employed for about 20 years by the Hutchins Co., serving 15 years as an officer and 10 years as a director. On June 30, 1981, however, his employment was terminated, the details of which are discussed below. He remained unemployed until August 17, 1981, when he began working for Traditional Watercraft, a manufacturer of sailboats, located in Florida. Initially, he earned $3.35 per hour, but by January 1982 he was earning $4.00 per hour, and working an average of 32 hours per week.

Hutchins Co. is a closely-held corporation with operations in St. Charles County and in Florida. The Florida division manufactures sailboats. Husband's parents are the majority shareholders of the company, owning two-thirds of the stock. The remaining one-third is divided equally among husband and his two brothers. The three brothers also are partners in a partnership which owns the real estate on which Hutchins Co.'s Florida operation is located. Husband's salary from Hutchins Co. had been over $40,000 each of the three years preceding his termination, and over $50,000 his last year.

Husband's discharge by Hutchins Co. is the source of much dispute. The firing occurred the day after the hearing on temporary allowance. The reason advanced was husband's alleged poor job performance. However, the corporate records show that the directors approved a resolution commending the officers for their work during the year. There was testimony that husband said he did not apply for unemployment compensation because he quit his job and was not fired.

The evidence showed that, despite the firing, husband's relationship with his parents and brothers remained warm and cordial. Husband retained the use of a company automobile, and used his father's car to travel to St. Charles from Florida for one of the hearings in the cause. He accompanied his brother to a trade show in Annapolis, Maryland, allegedly on behalf of his new employer, travelling in a Hutchins Co. car. His new employer was an acquaintance of husband's father, and was located just six miles from Hutchins' Florida plant.

The court ordered a roughly equal division of the marital property. The main asset awarded to wife was the marital home, valued at $60,000 subject to an outstanding debt of $21,000, which she was ordered to pay. She received no income producing assets. The court also awarded her maintenance in gross of $500 per month for one year.

■ The primary issue in this appeal is the court's award of maintenance. We have reviewed wife's allegations of error regarding the classification of the Hutchins Co. stock, the division of marital property, and the amounts of child support and attorney's fees awarded her. We find the court's decision on each of these items to be supported by substantial evidence and within the court's discretion. The judgment is affirmed as to all these items. Rule 84.16(b).

On the issue of maintenance, wife challenges both the amount and nature of the award. Based upon the evidence before the trial court, we find no error in the awarded amount of $500 per month.

Since the enactment of the new dissolution act, one of the most vexing problems facing our courts has been the proper approach to limited maintenance awards. It is now well settled that § 452.-335 RSMo. (1978) authorizes three types of awards; a fixed sum payable at once, a fixed sum payable in installments, or an award of unlimited duration. *Doerflinger v. Doerflinger,* 646 S.W.2d 798 (Mo. banc 1983). *Doerflinger* also established that any award which is limited in duration is in the nature of an award in gross, so that it may not be modified in the future. *Id.* Thus, the only remedy for a spouse whose maintenance award was wrongly limited is an appeal. *Id.* That appeal will determine "whether there was substantial evidence at the time to justify imposition of the limitation." *Id.* at 802. To satisfy this requirement there should be "evidence of some impending change in the financial conditions of the parties or at the least some reasonable expectation that such a change will occur." *In re Marriage of Powers,* 527 S.W.2d 949, 956 (Mo.App.1975).

The evidentiary requirement seems to have resulted in a judicial preference for awards of unlimited maintenance. *See e.g., Blount v. Blount,* 674 S.W.2d 612 (Mo. App.1984); *LoPiccolo v. LoPiccolo,* 547 S.W.2d 501 (Mo.App.1977). However, in several cases the appellate courts have affirmed the award of limited maintenance. *See Steinmeyer v. Steinmeyer,* 669 S.W.2d 65 (Mo.App.1984); *Royal v. Royal,* 617 S.W.2d 615 (Mo.App.1981); *Sansone v. Sansone,* 615 S.W.2d 670 (Mo.App.1981). If there is any rational basis to support the trial court's determination to limit maintenance, it should be affirmed. *Sansone v. Sansone,* 615 S.W.2d 670 (Mo.App.1981); *Vogt v. Ketzner,* 634 S.W.2d 583, 584 (Mo.App.1982) (concurring opinion).

Our review of the record in this case leads us to conclude that the limitation on maintenance is not supported by substantial evidence. *Doerflinger v. Doerflinger,* 646 S.W.2d 798 (Mo. banc 1983). The decree is modified to remove the limitation on maintenance. In all other respects, including the award of $500 per month maintenance, the decree is affirmed.

STEPHAN and SIMON, JJ., concur.