Thomas Joseph LAMPE, Sr.,
Petitioner-Respondent,

v.

Mary Kathleen LAMPE,
Respondent-Appellant.

No. 48650.

Missouri Court of Appeals,
Eastern District,
Division One.

March 12, 1985.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 26, 1985.

Application to Transfer Denied
May 29, 1985.

Albert M. Schlueter, St. Louis, for respondent-appellant.

Joan M. Burger, St. Louis, for petitioner-respondent.

PUDLOWSKI, Presiding Judge.

This is an appeal from a Decree of Dissolution. The trial court granted appellant maintenance for a period of five years. We affirm.

Respondent, Thomas Joseph Lampe, Sr., and appellant, Mary Kathleen Lampe, were married on May 1, 1965 and had three children, Thomas Jr., age 16, Michael Christopher, age 13 and Bryan Timothy, age 11. In early 1982, respondent left the marital home.

During the marriage, appellant did not work except for a few occasions. Respon-

dent discouraged any employment by appellant. The only real assets of the parties was the equity in the home and real estate valued at approximately $115,000–$120,000 subject to deeds of trusts in the amount of $76,079.40. In the division of this property, the trial court awarded respondent $20,000 upon the sale of the house in the future, when the youngest child reaches the age of majority or when appellant remarries.

In regard to maintenance, appellant quit work in 1967 at the age of nineteen. However, appellant does possess a real estate license and is six hours short of her associate degree in business administration. Respondent is presently employed earning a salary in excess of $59,000. The trial court awarded appellant maintenance for only five years.

■ Appellant contends the court abused its discretion in limiting maintenance for a period of five years. Appellant argued there was no substantial evidence to support a finding that she would be able to support herself at that point in time and thereafter. We are required to sustain the trial court's decree unless there is no substantial evidence to support it. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976).

■ Our Supreme Court has recently held that under Section 452.335.2 RSMo 1978, "[i]t is no longer open to question that the trial court is empowered to decree maintenance as payable indefinitely, or for a period of limited duration." *Doerflinger v. Doerflinger*, 646 S.W.2d 798, 800 (Mo. banc 1983). Therefore, the court's order limiting appellant's maintenance must stand unless it is based on mere speculation and not upon an evidentiary basis of a change of financial conditions of the parties.

■ In resolving this issue, we note the trend today is to encourage spouses to become self-sufficient. "Justice does not require provision of support to a spouse who is or may be prepared to become self-supporting." *Doerflinger* at 800. Nevertheless, maintenance should not be prospectively decreased or terminated if there is no evidence or reasonable expectation that the circumstances of the parties will be markedly different in the future.

■ Examination of the record reveals sufficient evidence to support the trial court's findings. Appellant was six hours short of an associate degree in business administration. Further, appellant was licensed as a real estate agent and there was evidence of a market for real estate sales agents. In fact, appellant had been offered employment by the firm of Cole and Frederici. While a maintenance award of limited duration should not be based upon speculation, respondent need not wait to request modification until it is a certainty that appellant will be employed. *Sansone v. Sansone*, 615 S.W.2d 670 (Mo.App.1981).

*Sansone* is a case directly on point. Husband and wife had been married twelve years and there were two minor children. Wife was thirty-five, had two years of junior college and had not been employed outside the home since the marriage except for a brief retail sales job. Additionally, wife had received her license as a real estate appraiser nine months before the dissolution.

Appellant argues that termination of maintenance may affect her ability to care for the children. However, appellant is not required by the court order to meet any of the children's educational, medical or dental expenses. Appellant receives $900 per month in child support. Respondent is required to pay the full expenses of the college education. Further, should $900 per month child support be insufficient to care for the needs of the children, appellant can always seek judicial modification of the child support decree.

The evidence supports the conclusion that there was some reasonable expectation that appellant would have employment within five years, if she sought it.

Lastly, appellant contends the trial court erred in dividing the marital property by awarding respondent $20,000 upon the sale of the marital home in the future and in

making no award concerning the vested interest of respondent's profit sharing plan and respondent's Mallinckrodt stock.

■ We find no abuse of discretion in awarding respondent $20,000 upon the sale of the marital home. The home was valued at approximately $115,000 to $120,000. Appellant does not have to sell the home until the youngest child reaches the age of majority unless the wife decides to remarry. Absent this contingency, appellant can remain in the home for eleven years. The trial court can take into account that the amount of equity in a home will be greater in the future than its present value. The trial court did not err in awarding respondent a $20,000 interest in the marital home.

Concerning respondent's $221 interest in the SCNO Barge Line profit-sharing plan and his $250 worth of Mallinckrodt stock, the trial court failed to make any order concerning these interest. Pursuant to Rule 84.14 we award respondent his interest in the profit sharing plan and appellant the Mallinckrodt stock.

Judgment affirmed as modified.

GAERTNER, J., concurs.

KAROHL, J., dissents in separate opinion.

KAROHL, Judge, dissenting.

I respectfully dissent.

At the time of the dissolution appellant wife was the custodial parent of three children, ages sixteen, thirteen and eleven. By the decree she remains the custodial parent. When the five-year limited maintenance expires she will be the custodial parent of two children, ages eighteen and sixteen. By reason of the fact that there was no evidence to support a finding that at the end of that period the condition or circumstances of the children still in her custody will make it appropriate that she seek employment outside of the home I would affirm but modify the decree to change or remove the limitation on the duration of maintenance.

Appellant married at age seventeen and has not worked for wages since age nineteen. She has been a full time homemaker and mother for seventeen continuous years. During that period her work for wages was discouraged by her husband. Further, his present earnings make such outside employment unnecessary.

I agree that the evidence would support a finding at the time of the dissolution that appellant could become self-supporting within the period of limited maintenance. She is in good health, well educated and possesses a license to be a real estate sales person. This finding would be decisive in affirming limited maintenance only if her primary duties as mother were concluded or the circumstances and conditions of the children would permit her to seek and hold employment sufficient to support herself within the period of limited maintenance. If on the other hand, the award of limited maintenance is affirmed and the conditions and circumstances of either or both of the children make it inappropriate for her to seek employment then at the expiration of the five-year period she will be foreclosed from maintenance. *Doerflinger v. Doerflinger*, 646 S.W.2d 798, 800–801 (Mo. banc 1983). An increase in child support would not suffice as a substitute for maintenance because child support is for that purpose and not for the support of a custodial parent who is no longer entitled to maintenance. *See* § 452.340 RSMo 1978. Section 452.335 RSMo 1978 provides that the court may grant a maintenance order but only if it finds that the spouse seeking maintenance "(1) Lacks sufficient property ... to provide for his reasonable needs; *and* (2) Is unable to support himself through appropriate employment *or* is the custodian of a child whose *condition or circumstances* make it appropriate that the custodian *not be required to seek employment* outside the home." § 452.335.1(1) & (2) RSMo 1978. (emphasis added)

These sections provide a dual test, one of which recognizes the distinction between a spouse with or without custodial responsibilities. This distinction was recognized by this court in *In re Marriage of Neubern,*

535 S.W.2d 499, 503 (Mo.App.1976). *Also see Wachter v. Wachter*, 645 S.W.2d 111, 113 (Mo.App.1982); *Bell v. Bell*, 641 S.W.2d 854, 855 (Mo.App.1982). Where there is no evidence to support a finding that the children's conditions or circumstances five years hence will not require the wife to continue to serve as a full time mother I would hold that § 452.335.1(2) is an impediment to limitation of maintenance. In the present case there is no such evidence. Hence, proof that appellant wife should be required to seek employment while a custodian of children under the decree is insufficient. Absent some evidence that appellant wife will be free of her primary duties as custodial parent at the end of the five year period the grant of limited maintenance is based on speculation and must fail. *See In re Marriage of Powers*, 527 S.W.2d 949, 955 (Mo.App. 1975). The policy of encouraging self-sufficiency recognized in *Steinmeyer v. Steinmeyer*, 669 S.W.2d 65, 67 (Mo.App.1984) should be balanced by the primary responsibility and duty of a custodial parent. Otherwise § 452.335.1(2) would be given less than its full meaning.

I believe the majority view would be correct only if there were no children or if the issue of maintenance was held open until appellant wife was no longer a custodial parent. Limited maintenance for a period of ten years or until all of the children were emancipated, whichever occurred first, would satisfy the requirement. Although difficult, such proof is not impossible. For example the evidence in a case may support a finding that the children involved in a dissolution case have sufficient assets to meet any needs which they have or which may develop before emancipation; or, there may be evidence that the presently available assets owned by or ordered transferred to the custodial spouse will support such spouse through the unemancipated years of the children.

I would affirm the decree of dissolution but modify the period of limited maintenance from a set term of five years to a period to end when the last of the children is emancipated or the limitation on maintenance stricken.