**C. Frances NEWMAN, Appellant,**

v.

**Fred D. NEWMAN, Jr., Respondent.**

**No. 51086.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 7, 1986.

Alisse C. Camazine, Daniel P. Card, II, St. Louis, for appellant.

Thomas M. Blumenthal, Susman, Schermer, Rimmel & Parker, St. Louis, for respondent.

CRIST, Judge.

Wife appeals from a maintenance award of $500 per month for sixty months, from the nondistribution of marital debts, and from the denial of attorney fees and costs. We affirm.

Wife was granted a dissolution after twenty-three years of marriage and three children. The trial court awarded wife maintenance of $500 per month for sixty months. Husband was awarded custody of the two minor children. No child support was ordered. The parties divided the marital property prior to the date of dissolution. There is no appeal as to custody, child support, or property division.

On wife's request, the trial court made findings of fact. The court found "the testimony of respondent [husband] more believable and credible and petitioner's [wife's] testimony ... incredible and unworthy of belief." We give deference to the trial court's determination of witness credibility. *Hoffmann v. Hoffmann*, 676 S.W.2d 817, 826[12] (Mo. banc 1984); and *Busby v. Busby*, 669 S.W.2d 597, 599[2] (Mo.App.1984).

Wife, in her first point relied on, asserts the prospective termination of maintenance after sixty months is in error because there was no evidence she would be able to support herself at that time. In her second point relied on, she claims the award of $500 is insufficient because (1) she cannot earn enough to meet her needs while husband can afford to pay more maintenance, and (2) on the amount awarded, her standard of living will diminish.

The trial court has discretion in amount and duration of maintenance awarded as long as the statutory factors are considered. Section 452.335.2, RSMo (1978); *Doerflinger v. Doerflinger*, 646 S.W.2d 798, 800[1] (Mo. banc 1983). The evidence supports finding wife was capable of self-support. Prior to the marriage wife supported herself by full-time employment. During the marriage she continued her education, including training as a color consultant. Although, not employed during most of the marriage, wife twice worked outside the home for short periods, and she did some color consulting work from home. Wife, now 44 years old, has completed training at the Wang Word Processing Academy and can do both Wang and IBM word processing. Wife has been seeking full-time work and accepting word processing jobs through three temporary agencies. She is paid as much as $6 per hour through the agencies and has worked as long as several months at a single job. During the eighteen months prior to the dissolution, wife went on five interviews through these agencies, and independently responded to around twenty newspaper advertisements.

To make a maintenance award of limited duration there must be, at the time of trial, evidence or a reasonable probability, maintenance will not be needed upon termination. *Blount v. Blount*, 674 S.W.2d 612, 614[2] (Mo.App.1984); and *Vogt v. Ketzner*, 634 S.W.2d 583, 583[4] (Mo.App.1982). Wife maintains that there is no evidence that in five years she will be self-supporting and employed full-time. However, wife has an affirmative duty to seek full-time employment. *In re Marriage of Goodding*, 677 S.W.2d 332, 337[4] (Mo.App. 1984). And, husband should not always have to wait and seek modification when wife accepts a job and becomes self-sufficient. *Steinmeyer v. Steinmeyer*, 669 S.W.2d 65, 67[3][5] (Mo.App.1984).

The evidence of wife's training and limited job seeking, supports the trial court's finding that she "is fully capable of supporting herself through appropriate full-time employment," in spite of her not doing

so prior to the dissolution. *See Lampe v. Lampe*, 689 S.W.2d 768, 769[4] (Mo.App. 1985). If there is any rational basis to support the determination of future self-sufficiency, the order of limited duration maintenance should be affirmed. *Hutchins v. Hutchins*, 687 S.W.2d 703, 706[7] (Mo.App.1985).

The standard of living established during the marriage was high. However, previous standard of living is not the same as reasonable needs; it is only a factor in determining maintenance. *Brueggemann v. Brueggemann*, 551 S.W.2d 853, 857[4] (Mo. App. banc 1977). Here the standard of living was artificially high as evidenced by the debts incurred during the marriage. Since wife's marital standard of living was achieved, in part, through thriftlessness, its weight in determining appropriate maintenance is diminished.

Husband, a real-estate developer, was earning $55,000 at dissolution. Husband has a net monthly income of $2,900. His monthly expenses, at the time of dissolution, included approximately $1,600 for housing, food and clothing, Husband was also making payments on the parties' debts, including a $300 per month payment on an Internal Revenue Service debt of $47,927. Husband testified that the monthly payment on the Internal Revenue Service debt would be increasing after discussion with the Service. Husband testified that he could afford to make maintenance payments of $500 per month. In terms of husband's ability to pay additional maintenance, the evidence supports the trial court finding he is in dire financial straits and has assumed the debts of the marriage.

The other factors in Section 452.335.2 RSMo (1978), were considered by the trial court, and the evidence supports the maintenance award. Wife received marital property worth $22,975, including the family car; in addition she has over $5,000 in jewelry acquired during the marriage. Husband's share of the marital property has a value of $17,600. The bulk of the marital property is personalty; there is no income producing property. The three children of the marriage, two minors and one emancipated, are all living with husband who is paying all living expenses and medical bills, including treatment for minor daughter's cataracts and allergies, other minor daughter's orthodontal treatment, and emancipated son's cataract treatment. Husband suffers from glaucoma, but is otherwise in good health. Wife has cataracts, but her health does not affect her ability to work.

Considering the statutory factors, there was substantial evidence to support the maintenance award. We affirm both the amount and duration of maintenance.

■ Wife's third point relied on states "the trial court erred in not allocating the marital debts." Debts are not marital property. *Golleher v. Golleher*, 697 S.W.2d 547, 549[3] (Mo.App.1985). Wife argues the better policy is for the trial court to distribute the debts. The cases support wife as to the policy; however, the trial court is not in error for not doing so. *Id.* at 549[4]. Unlike *Smith v. Smith*, 681 S.W.2d 11 (Mo.App.1984), relied on by wife, the court here cannot divide the debts as per the parties' agreement because there was no agreement; rather the trial court found husband assumed the debts. We find no error in not allocating the debts.

■ The award of attorney fees is within the discretion of the trial judge. *Atwood v. Atwood*, 664 S.W.2d 673, 675[7] (Mo.App. 1984). There was no abuse of discretion. Wife's fourth claim of error is denied.

Judgment affirmed.

DOWD, P.J., and REINHARD, J., concur.