Joann BURBES, Petitioner-Appellant,

v.

Wesley E. BURBES, Respondent.

No. 52150.

Missouri Court of Appeals,
Eastern District,
Division Five.

Nov. 3, 1987.

William E. Albrecht, Richard R. Berne, Clayton, for petitioner-appellant.

Lawrence J. Gordon, Clayton, for respondent.

CARL R. GAERTNER, Presiding Judge.

Appealing from a dissolution decree, wife alleges as error the trial court's division of the marital property and the limitation placed on the duration of her maintenance award. We affirm as modified.

The parties married in August of 1969 and have one child, Wesley, born July 13, 1970. At the time of the dissolution proceedings, wife was 51 years old and husband was 50. Wife has no formal education past the eighth grade and worked in the home during the marriage. Husband is a self-employed plasterer and concrete contractor.

Wife testified that throughout the seventeen-year marriage, husband drank heavily and subjected her to repeated physical abuse. Husband does not deny these allegations, although he claims that the incidents of physical abuse were less frequent than wife's testimony indicated.

The trial court awarded wife custody of the couple's minor child and ordered husband to pay $83.00 per week in child support. Wife received title to the $70,000 family home subject to an existing mortgage of $12,500. Husband received a $25,000 judgment lien on the home.

The trial court also awarded wife maintenance in the amount of $46.50 per week for 104 weeks. The court, however, granted either party the right "to seek a modification (including extension) of [the] maintenance order by filing a motion to modify [the award] within two years of the date of the decree, in accordance with the provi-

sions of § 452.370, Missouri Revised Statutes, 1978."

Wife first challenges the trial court's maintenance order. She contends the court abused its discretion in limiting the duration of her maintenance to 104 weeks. She also claims that the court erred in granting either party the right to seek modification of the award since the maintenance was of limited duration. We will address this latter point first.

"It is now well settled that § 452.335, RSMo. 1978 authorizes three types of maintenance awards; a fixed sum payable at once, a fixed sum payable in installments, or an award of unlimited duration." *Hutchins v. Hutchins,* 687 S.W. 2d 703, 706 (Mo.App.1985) (citing *Doerflinger v. Doerflinger,* 646 S.W.2d 798 (Mo. banc 1983)). An award which is limited in duration is in the nature of an award in gross, so that it may not be modified in the future. *Id.* Clearly the provision of the decree which grants either party the right to seek modification or extension of the maintenance award is inconsistent with the court's decision to limit the duration of the maintenance. *Lietz v. Moore,* 703 S.W.2d 54, 56 (Mo.App.1985).

In his brief, husband agrees that the modification provision is contrary to Missouri law, but he suggests that we merely strike the modification language and affirm the award in all other respects. Wife, however, argues that the trial court abused its discretion in limiting the duration of the maintenance award. She requests us to modify the decree to award maintenance of unlimited duration.

The trial court has discretion as to the amount and length of a maintenance award. § 452.335.2 RSMo.1986. Nevertheless, a decision to limit maintenance is justified only where substantial evidence exists of an impending change in the financial conditions of the parties. *Willyard v. Willyard,* 719 S.W.2d 91, 93 (Mo.App.1987). Once awarded, maintenance should not be prospectively decreased or terminated unless the evidence indicates that the circumstances of the parties will be markedly different in the future. *Lampe v. Lampe,*

689 S.W.2d 768, 769 (Mo.App.1985); *Hefti v. Hefti,* 682 S.W.2d 65, 67 (Mo.App.1984); *Turner v. Turner,* 650 S.W.2d 662, 664 (Mo.App.1983).

Where the evidence indicates that the dependent spouse could become self-supporting within the period of the maintenance award, we have upheld awards of limited duration. *Steinmeyer v. Steinmeyer,* 669 S.W.2d 65 (Mo.App.1984); *Sansone v. Sansone,* 615 S.W.2d 670 (Mo.App. 1981); *Penderson v. Penderson,* 599 S.W. 2d 51 (Mo.App.1980). Most recently in *In re Marriage of Witzel,* 727 S.W.2d 214 (Mo.App.1987), we affirmed a twelve-month maintenance award to the wife. In Witzel, the wife was 44 years old and was currently employed full-time as a secretary. She had worked periodically as a secretary throughout the marriage. The Witzel children were emancipated and the wife's take-home pay was $940.00 per month. Furthermore, wife's extra-marital affair had precipitated the divorce.

In the present case, wife is a fifty-one year old housewife with only minimal work experience. In fact, husband discouraged wife from working outside the home during the marriage. Although she is currently employed as a cosmetics sales clerk, wife has no significant marketable skills and has no formal education past the eighth grade. Her take-home pay at the time of trial was $163.00 per week, plus a small amount in sales commissions. She also has custody of the couple's son who is hearing impaired and suffers from a bronchial condition. Husband, on the other hand, earned annually between $17,000 and $23,000 for each of the three years prior to the couple's separation.

Where the evidence indicates that the dependent spouse's financial prospects will not improve materially in the future and that the means of the spouse providing maintenance are not likely to decrease substantially, the trial court abuses its discretion when it speculates that the original maintenance award will no longer be required in the future. *In Re Marriage of Powers,* 527 S.W.2d 949, 955 (Mo.App.

1975), cited with approval in *Blount v. Blount*, 674 S.W.2d 612, 614 (Mo.App. 1984); *LoPiccolo v. LoPiccolo*, 547 S.W.2d 501, 505 (Mo.App.1977). Because of her age, education, and inexperience wife is not likely to advance substantially in her present occupation. Moreover, the evidence does not show that husband expects a dramatic decrease in his income after two years. The evidence does not support the conclusion that wife can be self-supporting within the 104 week period of the maintenance award.

Accordingly, the order is reversed and we enter the order which should have been entered by the trial court. *Murray v. Murray*, 538 S.W.2d 587, 588 (Mo.App.1976). Maintenance shall remain at $46.50 per week unless and until a proceeding for modification is brought and a change is deemed appropriate under § 452.370.1, RSMo.1986.

In her second point, wife challenges the trial court's division of the marital property. The couple's only major asset is the family home. The trial court awarded the $70,000 family home to wife subject to the existing mortgage of $12,500. Of the $57,-500 equity in the home, husband was awarded $25,000 as a judgment lien on the home. Execution of the lien was stayed until 60 days after the occurrence of one of the following: (a) the couple's child turns 18 years old; (b) wife remarries; (c) wife begins cohabitating in the home with a male to whom she is not related by blood or marriage; (d) wife takes up primary residence elsewhere; (e) the couple's child is emancipated; (f) wife loses custody of the child; or (g) wife dies.

■ Wife first argues that she is entitled to the house free of any judgment lien in favor of husband. In dividing the marital property, the trial court is vested with considerable discretion. The court must, however, consider the following four non-exclusive factors in making the division: (1) the contribution of each spouse to the acquisition of the marital property, including the contribution of the spouse as homemaker; (2) the value of the property set aside to each spouse; (3) the economic circumstanc-es of each spouse; and (4) the conduct of the parties during marriage. § 452.330.1, RSMo.1986; *Turley v. Turley*, 640 S.W.2d 473, 475 (Mo.App.1982).

■ Although the division of marital assets cannot be accomplished with mathematical certainty, it must be apportioned in a manner which is fair in light of all the circumstances. *Viers v. Viers*, 600 S.W.2d 214, 216 (Mo.App.1980). Where one spouse has a distinct financial advantage over the other or has engaged in misconduct which disadvantaged the other spouse, it is logical that the property award reflect these facts. *Turley* at 476. Moreover, the desirability of awarding the family home to a wife with a low paying job and custody of minor children can create a situation where equity requires that the wife receive the bulk of the marital assets. *In Re Marriage of Parrett*, 668 S.W.2d 654, 655 (Mo.App. 1984).

In awarding husband a $25,000 lien against the marital home, valued at $70,-000, subject to a $12,500 mortgage, the trial court effected a division of the principal marital asset favoring wife 57% to 43%. This division reflects at least minimal consideration by the trial court of the four factors set forth in § 452.330.1. The division of marital property lies within the sound discretion of the trial court and appellate courts must defer to the judgment of the trial court unless such judgment is improper under the principles of *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), or constitutes a clear abuse of discretion. *Dardick v. Dardick*, 670 S.W.2d 865, 868 (Mo. banc 1984). Constrained by these principles we will not substitute our judgment for that of the trial court.

■ Finally, wife contends the trial court erred in placing certain conditions on the stay of execution of the judgment lien. Principally, she argues that the trial court abused its discretion in ordering the stay lifted 60 days after her son's 18th birthday. The trial court is vested with broad equitable powers in marital dissolutions to effectuate property settlements. *Costley v. Costley*, 717 S.W.2d 540, 544 (Mo.App. 1986). In *Hurtgen v. Hurtgen*, 635 S.W.2d

69, 70 (Mo.App.1982), we affirmed an award which stayed execution on a judgment lien on the marital residence until the couple's youngest child attained the age of 18. Considering the factors set forth in § 452.330.1, the *Hurtgen* court affirmed the property settlement even though the wife had custody of the couple's three minor children, received only $100.00 per month, per child, in child support, and was awarded $1 per year in maintenance. Here, although the wife testified that the couple's child was hearing impaired and had a bronchial condition, the trial court apparently felt it unnecessary to secure the home for the child past the age of 18. It is not our function to "second-guess" the trial court's exercise of discretion. Accordingly, the judgment is affirmed as modified in regard to the termination of maintenance.

SIMEONE, Senior Judge, and DIERKER, Special Judge, concur.