Angela ZALAR, Respondent,

v.

William HARRINGTON, Appellant.

No. 56524.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 20, 1990.

Rehearing Denied March 28, 1990.

Nick A. Zotos, Michael A. Gross, St. Louis, for appellant.

Alan C. Kohn, Peter C. Woods, St. Louis, for respondent.

CRIST, Judge.

Husband appeals from an order entered on wife's motion to modify their decree of dissolution. We affirm.

Husband and wife were married in 1981. In February, 1983, wife suffered a cerebral vascular accident (CVA)—a rupture and bleeding of blood vessels in her brain. In July, 1983, the parties separated. In April, 1984, a petition for dissolution of the marriage was filed.

On October 29, 1985, the parties reached an agreement as to the various issues between them. Husband agreed to pay wife maintenance of $737 per month starting November, 1985, for thirty-six months. The stipulation between the parties provided for "[t]he court to retain jurisdiction over the question of maintenance for the future due to the present physical condition of [wife]. The maintenance provided for ... is to be decretal in nature and therefore modifiable by either party." The trial court found the separation agreement between the parties not unconscionable and made it a part of its decree. The decree of dissolution set forth the following:

> [I]t is further ordered ... that ... [wife] have and recover of ... [husband] the sum of $737 per month as and for maintenance, beginning November 1, 1985, payable for 36 months; thereafter the Court retains jurisdiction over the question of maintenance....

Before the thirty-six months had ended, on November 10, 1987, wife filed a motion to modify the decree of dissolution.

We must affirm the judgment unless there is no substantial evidence to support

it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Ware v. Ware*, 647 S.W.2d 582, 583[1–5] (Mo.App.1983).

Husband contends the trial court lacked jurisdiction to order modification because maintenance was to terminate after thirty-six months and thus was a gross award not subject to modification. Section 452.335, RSMo 1986 authorizes three types of awards: a fixed sum payable at once; a fixed sum payable in installments; or an award of unlimited duration. *Hutchins v. Hutchins*, 687 S.W.2d 703, 706[2–6] (Mo. App.1985); *Doerflinger v. Doerflinger*, 646 S.W.2d 798, 800–801[3] (Mo.banc 1983). The seminal issue here is whether the award to wife was an award of maintenance in gross not subject to modification or an award of periodic maintenance subject to modification upon a showing of changed circumstances.

In the case of *In re the Marriage of Quintard*, 691 S.W.2d 950 (Mo.App.1985), a wife filed a motion to modify the maintenance provided for in the dissolution decree. The dissolution decree provided "[Husband] is ordered to pay [wife] the sum of $750.00 per month for a period of thirty-six months *or until further order of this court.*" (Emphasis in original.) *Id.* at 954[5]. The trial court denied her motion. The Court of Appeals reversed the ruling, holding the language of the trial court in the dissolution decree "until further order of this court" effected an award of periodic maintenance not maintenance in gross which may be modified upon a showing of changed circumstances. *Id.*

In the present case, the trial court provided in the dissolution decree, "[t]he court retains jurisdiction over the question of maintenance." This language expresses the trial court's intent to award periodic maintenance modifiable upon a showing of changed circumstances. Further, the stipulation between the parties also provided for modification of the award.

Husband relies on *Doerflinger*, 646 S.W.2d at 798 for his contention the main-

tenance award was a gross award. In *Doerflinger*, the trial court awarded maintenance to wife payable by husband in the amount of $900 per month for a period of one year. However, *Doerflinger* is distinguishable because there was no language in the dissolution decree which showed an intent for possible maintenance after thirty-six months. The court in *Doerflinger* provided:

[a] gross award may be a lump sum payment or the product of periodic payments due to expire on a predetermined date. The common characteristic of both is that the trial court rejected a necessity of the dependent spouse for indefinite continuation of support and has decreed instead the payment of limited sum during a period of readjustment....

*Id.* at 801[3]. Contrary to *Doerflinger*, the trial court expressly confirmed its intent for modification upon a showing of changed circumstance. The maintenance award is modifiable. *Quintard*, 691 S.W.2d at 954[5]. Point denied.

■ Husband also contends the trial court erred in granting wife's motion to modify because there was no evidence of a substantial and continuing change in the circumstances of either party to justify modification. At the time of the dissolution, wife was totally disabled by her brain injury. Rehabilitation was contemplated but it was uncertain whether wife would be able to become self-supporting or reach the earning capacity she had prior to her injury. At the time of the hearing, wife had been employed part time as a book shelver at a library and had recently accepted a full-time position as a clerk at the library. Wife's net earnings as a full-time clerk were $366.57 biweekly.

She went through a thirteen-month rehabilitation program. Annjustin Manser, a certified rehabilitation counselor, testified that despite involvement in the rehabilitation program, it is now clear the injury wife sustained has placed a permanent limitation on her earning ability.

Further, it was uncertain whether wife would be able to continue to perform the duties required of her as a clerk at the

library. And it was very doubtful that wife had the ability to be employed in a position requiring greater intellectual demands than those as a clerk at the library.

Husband's annual income had increased from approximately $52,000, in 1985, to approximately $92,146 in 1987. He had remarried and shared living expenses with his new wife who had an annual income of approximately $60,000.

Although it is not every change of circumstances that is a basis for modification, there is substantial evidence here to justify a modification in maintenance. *Calicott v. Calicott,* 677 S.W.2d 953, 955[1] (Mo.App. 1984). *See also Steib v. Steib,* 672 S.W.2d 740, 741 (Mo.App.1984) (where there is an adverse change in wife's physical and mental condition the husband's increased earnings justifies an increase for her maintenance). Point denied.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.