Margaret Suzanne WASSON, Appellant,

v.

Roger Lee WASSON, Respondent.

No. 45418.

Missouri Court of Appeals,
Eastern District,
Division Five.

Aug. 2, 1983.

Motion For Rehearing/Transfer to Supreme Court Denied Sept. 15, 1983.

Branson L. Wood, III, Hannibal, for appellant.

Clifford H. Ahrens, Rendlen, Rendlen, Ahrens, Browne & Rendlen, Hannibal, for respondent.

CRIST, Judge.

Wife appeals from the dissolution of almost 19 years of marriage to husband. Four children were born of the marriage with custody of the three minors born June 1, 1964, April 29, 1966 and 'April 15, 1973 awarded to husband. The family residence was also awarded to husband subject to a special lien of ½ its value in favor of wife. We affirm in part and reverse in part.

Wife complains of the amount and limited duration of the maintenance award, the failure of the trial court to consider husband's pension plan as an item of marital property, the court's refusal to reopen judgment on the basis of newly discovered evidence, and the award of inadequate attorney fees and costs for appeal.

Husband's interest in an employee's pension plan began after the parties' marriage, accumulating 16 years of credit by the time of trial. Under the authority of the original Missouri Supreme Court opinion in *Kuchta v. Kuchta,* the trial court determined it had no authority to consider the pension plan in the division of marital property. The original opinion in *Kuchta* was withdrawn subsequent to the entry of the trial court's judgment and a final opinion issued holding pension plans properly in-

cludable in the decision involving the division of marital property. 636 S.W.2d 663, 665–66 (Mo. banc 1982). From the record we do not know to what extent the trial court's non-consideration of the pension plan affected its decision concerning the overall division of marital property, wife's maintenance award, and the award to wife of attorney fees and costs of appeal. We therefore reverse and remand these issues for the trial court to consider in light of the pension plan's inclusion in marital property, to take additional testimony with reference to the pension plan, if the court deems such necessary, to amend its findings of fact or make new findings and to direct the entry of a new judgment on these issues.

■ We find the trial court did not clearly abuse its discretion in refusing to reopen its judgment on the basis of newly discovered evidence. Rule 78.01. In an offer of proof to the trial court, wife presented evidence of mental and emotional disorders requiring hospitalization subsequent to the dissolution decree. With this offer of proof, wife sought to increase her award of maintenance.

At trial, both parties presented evidence concerning wife's episodic bouts with mental and emotional problems, including prior hospitalizations, during the course of the marriage. The trial court was in the best position to determine whether wife's offer of proof consisted of cumulative evidence and whether that evidence was so material that it would probably produce a different result if the judgment was reopened. See, *Koenig v. Skaggs,* 400 S.W.2d 63, 68 (Mo. 1966). In reviewing the record, we find nothing to upset the trial court's exercise of discretion on this point.

■ We do agree with wife, however, that the trial court erred in awarding maintenance for a limited duration. The decision to limit maintenance depends upon whether there was substantial evidence at the time to justify imposition of the limitation. *Doerflinger v. Doerflinger,* 646 S.W.2d 798, 802 (Mo. banc 1983).

The trial court found as a matter of fact that wife was unsuccessful in several attempts to secure permanent employment at the time of trial. Her only income in the three months prior to trial was approximately $60.00 from the sale of Avon products. Although wife had been certified as an x-ray technician before the marriage, she had not practiced during the marriage. Wife was the primary homemaker and other than occasional baby-sitting had not been employed while married. Wife attempted advanced x-ray technician training near the end of her marriage but voluntarily withdrew because she was unable to cope with it. At the time of trial, wife was 40 years old and had never possessed a driver's license. Additionally, as indicated above, there was evidence as to wife's emotional instability. The record before us does not contain substantial evidence of wife's ability to meet her future needs. See, *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976). Therefore, the maintenance award of limited duration amounted to speculation. The order terminating maintenance after 6 months is to be modified to provide that after the expiration of the 6 months, wife shall be entitled to at least the sum of one dollar ($1.00) per month as maintenance unless the trial court shall increase the monthly awards of maintenance upon reconsideration in light of husband's pension plan or upon other good cause shown. See, *Royal v. Royal,* 617 S.W.2d 615, 619–20 (Mo. App.1981).

This case is remanded to the circuit court for further proceedings consistent with this opinion.

STEWART, J., and CLEMENS, Senior Judge, concur.