**Kenneth Ray CLEMENTS, Respondent,**

v.

**Mary Lee CLEMENTS, Appellant.**

No. 48425.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 19, 1985.

William R. Gartenberg, Clayton, for appellant.

Donald Aulbert, St. Louis, for respondent.

CLEMENS, Senior Judge.

Appellant wife challenges the three-year limit on the $100 weekly maintenance award granted her. We reverse and remand with instructions to delete that time limit from the decree.

The record shows wife's financial needs will not improve in three years. At her husband's urging the wife had always devoted her time to keeping house and rearing their two children. She had no vocational training nor had she worked for over 30 years. Since the husband deserted her five years ago she has been nervous and has trouble sleeping; at her doctor's direction she regularly takes medication for this. There is no evidence the wife can ever support herself.

Three appellate decisions show the trial court erred in limiting the wife's $100 weekly award to three years.

First, *Doerflinger v. Doerflinger,* 646 S.W.2d 798[4] (Mo. banc 1983) holding: "A limited award of maintenance follows an appraisal of future events. Whether a decision to limit maintenance is or is not appropriate in the circumstances depends not upon reassessment by hindsight, but upon whether there was substantial evidence at the time to justify imposition of the limitation. The remedy for the spouse who is aggrieved by a limited maintenance award is by appeal."

In *Wasson v. Wasson,* 657 S.W.2d 683[2–4] (Mo.App.1983) a marriage of 18 years with factors comparable to our case the court citing *Doerflinger* supra, reversed and remanded the judgment limiting duration of the wife's maintenance, holding: "The decision to limit maintenance depends upon whether there was substantial evidence at the time to justify imposition of the limitation.... The record before us does not contain substantial evidence of wife's ability to meet her future needs.... Therefore, the maintenance award of limited duration amounted to speculation."

Another case in point is *Turner v. Turner,* 650 S.W.2d 662[2] (Mo.App.1983). There we remanded a decree limiting main-

tenance to two years, holding: "Awards of limited duration should not be based on speculation as to future conditions of the parties.... Such awards are proper only where the trial court has before it evidence of some impending change in the financial conditions of the parties or at least some reasonable expectations that such a change will occur."

To affirm the trial court's time-limited maintenance award here would do violence to these cited cases.

Reversed and remanded with instructions to amend the decree by deleting the time limitation on wife's maintenance.

CRIST, P.J., and CRANDALL, J., concur.