**L.G., Guardian of the Estate, and T.G., Guardian of the Person of M.S.W., Plaintiff-Appellant,**

v.

**R.L.W., Defendant-Respondent.**

No. 48998.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 23, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 5, 1985.

Branson L. Wood, III, Hannibal, for plaintiff-appellant.

Clifford H. Ahrens, Hannibal, for defendant-respondent.

SNYDER, Judge.

This is an appeal by the wife from the second judgment in a dissolution action. The cause was originally tried, decided and appealed and the first judgment reversed and remanded at *Wasson v. Wasson*, 657 S.W.2d 683 (Mo.App.1983). The reason for the reversal was the trial court's failure to consider the husband's pension plan as marital property in the original judgment.

In this second appeal the wife complains about the amount of the maintenance award, its termination at the expiration of six months, and the award of attorney's fees. The judgment is modified and as modified, affirmed.

The parties were married in 1963 and separated in January of 1981. There were four children born of the marriage, two of whom are emancipated. Custody of the other two was awarded to the husband.

It is unnecessary to recite in detail the considerable problems which this couple has had over the years. There were physical altercations, disputes about money, the discipline of the children, and the time the husband spent away from home in carrying on church and other activities. The dissolution of the marriage is not questioned. Other necessary facts will be related in the discussion of the points raised by the appellant wife.

The wife's first and most important point is her charge that the trial court erred by providing an inadequate amount of periodic maintenance and by reducing that maintenance to a nominal amount at the end of six months. The court in this second judgment ordered the husband to pay the wife $200.00 per month for six months and $1.00 a month from then on. This court finds that there was no substantial evidence to support a finding that the wife could obtain employment and be self-supporting after the expiration of six months. Thus, the reduction in the amount of the maintenance to the nominal $1.00 per month after six months was error.

The award of maintenance in the first judgment was made "as an accommodation to petitioner in establishing residence and in obtaining full-time employment." The award was for six months only. Maintenance ceased after the six month period expired.

This court ruled in its opinion on the first appeal that:

"The order terminating maintenance after 6 months is to be modified to provide that after the expiration of the 6 months, wife shall be entitled to at least the sum of one dollar ($1.00) per month as maintenance unless the trial court shall increase the monthly award of maintenance upon reconsideration in light of husband's pension plan or upon other good cause shown."

657 S.W.2d at 685.

Upon remand and after another hearing the trial court made the following ruling, among others: "3. No increase in the One Dollar ($1.00) monthly award of maintenance is made and no further maintenance of any kind is allowed to either party." The trial judge apparently thought that this court in its prior opinion had awarded $1.00 per month as maintenance.

The words "shall be entitled" in that opinion could be interpreted as making an award, but it was intended by this court for the trial court, upon remand, to consider the entire financial situation and rule on the maintenance award accordingly. This court, however, will interpret the second judgment of the trial court as a judgment awarding $1.00 per month maintenance after the expiration of the six months.

The question then is whether, given the posture of the case and the factual situation on remand, there was substantial evidence to support the reduction in the award. Was there evidence that the wife would at some time in the future be able to obtain employment and support herself? *Murphy v. Carron*, 536 S.W.2d 30, 32[1–3] (Mo. banc 1976).

The wife had not worked since before the marriage, except for a brief stint at selling Avon products during which she earned $60.00 between June and August in 1981. She turned down a part time job at Penney's during a Christmas period. She testified that she had been offered a job with Hardee's, but when she arrived for work the manager told her that she had one problem now and he thought she could not handle two.

In the testimony upon remand, the trial court refused evidence of her hospitalization for mental problems. Before the remand hearing, however, suggestions of

the wife's incompetence had been filed by her father and mother, who are the conservator of her estate and guardian of her person, respectively. Her parents were substituted as petitioners. Therefore, the wife's mental condition was in evidence before the trial court.

The wife's father testified to her treatment for mental problems during the period between the two trials. He said that his daughter had not worked between October of 1981 and May of 1984 and that she suffered from side effects from medication. He also testified to a deterioration in her day to day living habits.

The court heard evidence concerning the value of the husband's pension plan. It would pay a vested benefit of $273.73 per month beginning at age 65, or an early retirement benefit of $109.33 per month at age 55. If the husband died prior to his retirement date, no benefit would be paid. The pension plan's limited present value bore no relevance to the maintenance issue and minimal relevance to the division of marital property.

■ It seems obvious that no evidence was before the court to support a finding that the wife would be able to accept gainful employment in the future. Any thought that she would be able to obtain and hold a position would be entirely in the realm of speculation. Unless there is substantial evidence that an original periodic maintenance award will no longer be required in the future it should not be prospectively decreased. *Tygett v. Tygett*, 639 S.W.2d 282, 285[7] (Mo.App.1982); *Vogt v. Ketzner*, 634 S.W.2d 583[4] (Mo.App.1982).

■ It was error for the trial court here to decree the reduction of maintenance to $1.00 per month, and that portion of the trial court's judgment is reversed and remanded with instructions to enter an order continuing the $200.00 per month maintenance until modified by a future court order.

The husband bases his entire argument upon his inability to pay maintenance because of his expenses for himself and the children. The factors which must be considered in awarding maintenance are set forth in § 452.335 RSMo.1978. One of them is the ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance. § 452.335.2(6).

Except for the very wealthy there is never enough money to meet all of the expenses of both partners when a marriage is dissolved. Deciding maintenance and child support awards is one of the most difficult tasks of judges on both the trial and appellate benches. This court finds after review of the record and considering all the statutory factors that the $200.00 per month maintenance should be continued until such time as it can be shown that the wife is able to support herself by her own efforts.

The wife's other three points need not be discussed at length. She complains that the trial court did not issue findings of fact and conclusions of law upon her requested items, but the court did so either explicitly or by implication.

She also complains that the trial court excluded evidence of economic circumstances of the parties at the time the division of property was to become effective and that the trial court erred by failing to award an adequate amount of attorney's fees. An extended discussion of these points would have no precedential value and they are denied in accordance with Rule 84.16(b).

The judgment is reversed with instructions to the trial court to enter an order granting periodic maintenance of $200.00 per month without any present limitation as to time. In all other respects, the judgment is affirmed.

SMITH, P.J., and SATZ, J., concur.